UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 15-cv-81782-MARRA/MATTHEWMAN

KIM PETER TILLMAN,

    Plaintiff,

vs.

ADVANCED PUBLIC SAFETY, INC.,
and TRIMBLE NAVIGATION, LTD.,

    Defendants.
_____/

## ORDER AFTER *IN CAMERA* REVIEW

THIS CAUSE is before the Court on Plaintiff, Kim Peter Tillman's ("Plaintiff") Motion to Compel First Request for Production [DE 61]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 37.

Pursuant to Agreed Order on Plaintiff's Motion to Compel First Request for Production dated August 3, 2016 [DE 69], Defendants, Advanced Public Safety, Inc., and Trimble Navigation, LTD. ("Defendants") were required to submit to the undersigned for *in camera* review all documents identified on Defendants' Supplemental Privilege Log dated June 15, 2016, as "Attorney/Client Privilege" or "Work Product." Defendants submitted the documents as required. At an October 19, 2016 discovery hearing, the Court and parties further discussed the parameters of the *in camera* review. On November 7, 2016, the Court issued an Order [DE 94] requiring Defendants to re-submit the documents for *in camera* review after eliminating any non-privileged documents. The Court also required that Defendants include Bates stamps on the

1

documents and to revise their privilege log. *Id.* Defendants re-submitted the documents as required, and the Court has carefully conducted an *in camera* review of the documents.

## BACKGROUND

In Plaintiff's motion to compel, he asserted that the Court should review the documents from Defendants' Supplemental Privilege Log to determine whether Defendants' claim of work product "is overcome by Mr. Tillman's substantial need" for documents related to an internal audit performed by Defendants. [DE 61, p. 4]. Plaintiff asserted that the "resulting 'internal audit' conducted by Defendants in reaction to his whistle-blowing is critical evidence that will demonstrate Defendants' then-existing retaliatory intent. Thus, Plaintiff argued that he has a substantial need for the contemporaneous documents created in 2014 regarding the status of Defendants' then-existing versions of software that are at issue in this litigation, as well as the documents showing Defendants' contemporaneous decisions on Plaintiff's employment status." *Id.* at pp. 4-5. According to Plaintiff, he cannot obtain a substantial equivalent of these documents. *Id.* at p. 5.

## WORK-PRODUCT DOCTRINE

Federal Rule of Civil Procedure 26(b)(3), which sets forth the work product doctrine, states in relevant part:

> (A) *Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and
>
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

2

> (B) *Protection Against Disclosure.* If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

Fed. R. Civ. P. 26(b)(3). The burden is on the party withholding discovery to show that the documents are protected by the work-product privilege. *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 698 (S.D. Fla. 2007).

Upon careful review of the documents that Defendants have withheld on the basis of the work-product privilege, the Court finds that the following documents are not protected by the work-product doctrine as asserted by Defendants: Bates Stamp #13960-13964, 14052-14079, 14121-14182, 14195-14266, 14423-14429, 14438-14447, 14458-14469 [1], 14470-14471, 14712-14717, 14718-14723, the bottom two-thirds of 14734-14741, the bottom three-fourths of 14742-14744, 14746-14761, 14500-14503, and 14602-14650.

With regard to Bates Stamp #14777-14830, which is a position statement to the Iowa Civil Rights Commission, the Court finds that the document is not protected by the work-product doctrine. Moreover, there is a notation in the privilege log that Plaintiff already has a copy of the position statement. Defendants shall be required to produce Bates stamp #14777-14830 to Plaintiff in an abundance of caution.

The following documents shall be produced to Plaintiff has he has a substantial need for the documents and is unable to obtain their substantial equivalent elsewhere without undue hardship: Bates Stamp # 14730-14733, 14585-14589, 14593-14657, and 14766-14770. The first set of documents, Bates Stamp #14730-14733, includes a corrective action that was written for Plaintiff

---

[1] These documents are not claimed on the privilege log, but are included in the documents submitted for *in camera* review. They are not privileged as they have not been listed on the privilege log.

while he worked for Defendants, but which was never given to him. The remaining documents consist of correspondence from Defendants to an investigator to the United States Department of Labor, Occupational Safety and Health Administration. All of these documents are highly relevant to Plaintiff's claims and cannot be obtained elsewhere without undue hardship.

## ATTORNEY-CLIENT PRIVILEGE

"Confidential disclosures by a client to an attorney made in order to obtain legal assistance are privileged." *Fisher v. United States*, 425 U.S. 391, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976). Upon careful review of the documents that Defendants have withheld on the basis of the attorney-client privilege, the Court finds that the following documents are not protected by the attorney-client privilege: Bates Stamp #13978-13983, 14287, 14291-14338, 14340-14414, 14423-14429, 14438-14447, the bottom half of 14450-14452, 14676-14677, 14470-14471, 14458-14469[2], 14712-14717, 14718-14723, the bottom two-thirds of 14734-14741, the bottom three-fourths of 14742-14744, 14746-14761, 14480-14486, 14488, 14500-14503, 14565-14582, 14602-14650, and 14777-14830. All of these documents shall be produced to Plaintiff.

Based on the foregoing, it is hereby ORDERED that Defendants shall produce the above-described documents to Plaintiff on or before **January 25, 2017**.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18 day of January, 2017.

WILLIAM MATTHEWMAN
United States Magistrate Judge

---

[2] These documents are not claimed on the privilege log, but are included in the documents submitted for *in camera* review. They are not privileged as they have not been listed on the privilege log.