UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH

KIM PETER TILLMAN,

     Plaintiff,

v.

ADVANCED PUBLIC SAFETY, INC. and
TRIMBLE, INC.,

     Defendant.

_____/

Case No.: 15-81782-CIV-
MARRA/MATTHEWMAN

**DEFENDANT, ADVANCED PUBLIC SAFETY, INC.'S SUPPLEMENTAL BRIEF IN
SUPPOR TOF MOTION FOR ATTORNEYS' FEES**

Defendant, **ADVANCED PUBLIC SAFETY, INC. ("APS")**, by and through its
undersigned attorney, hereby files its Supplemental Brief in Support of Motion for Attorneys'
Fees pursuant to the Court's Order Requiring Supplemental Brief dated April 4, 2018 [DE 274]
and in support of its Motion to Determine Entitlement to Attorneys' Fees [DE 262] states as
follows:

**PROCEDURAL HISTORY**

1.     On April 29, 2015, Plaintiff filed his Complaint in the Iowa District Court in and
for Johnson County alleging: (1) breach of contract – commissions; (2) wrongful discharge –
violation of public policy; (3) wrongful discharge – violation of employment written materials;
(4) age discrimination; (5) wrongful discharge – promissory estoppel; (6) breach of good faith
and fair dealing; and (7) punitive damages.

2.     On June 24, 2015, the matter was removed to the United District Court for the
Southern District of Iowa, Davenport Division.

3.     On December 31, 2015, on Defendants' Motion to Transfer Venue, this case was

transferred to this Court.

4.      On April 22, 2016, Defendants filed a Partial Motion to Dismiss, which included request for dismissal of the breach of contract claim. [DE 49]

5.      On August 25, 2016, Plaintiff filed an Amended Complaint [DE 41] alleging: (1) violation of Florida's Whistleblower Act; (2) breach of contract; (3) unjust enrichment; (4) promissory estoppel; (5) age discrimination, (6) violation of the Sarbanes Oxley Act ('SOX") retaliation; and (7) fraud.

6.      On March 31, 2016, Plaintiff filed his Second Amended Complaint [DE 102] alleging: (1) violation of the Florida Whistleblower Act ("FWA"), (2) breach of contract, (3) promissory estoppel, (4) age discrimination, and (5) violation of SOX - retaliation.

7.      Plaintiff's breach of contract claim was premised on a claim for unpaid commissions for certain sales opportunities. Most of those claims for commissions were governed by Plaintiff's 2004 Representative Agreement. [DE 136, pp. 21-22]

8.      In response to the Second Amended Complaint, APS filed its answer and affirmative defenses. [DE 106]

9.      APS served written discovery directed to Plaintiff Tillman and responded to written discovery served upon APS and Defendant Trimble jointly. APS also took the deposition of Mr. Tillman and defended depositions of William "Bill" Martin and Scott Mellett.

10.     On March 31, 2017, Defendants filed a Motion for Final Summary Judgment and Reply as to all counts. [DE 136, 153] In his response, Plaintiff did not challenge Defendants' position that no revenue was received by APS for the commissions claimed by Plaintiff under the Representative Agreements. [DE 146]

11.     On July 21, 2017, this Court granted Defendants' summary judgment in part as to

part of Plaintiff's breach of contract claim. [DE 163]

12.    Subsequently, APS moved for an order of entitlement to attorneys' fees on the breach of contract claims pursuant to the 2004 Representative Agreements between APS and Tillman.

13.    On April 4, 2018, the Honorable Kenneth granted in part and denied in part Defendants' Motion to Determine Entitlement to Attorney's Fees. Judge Marra determined that only Defendant APS is entitled to attorney's fees "specifically arising out of the defense of the 2004 Representative Agreement with Plaintiff, culminating in the Court's Order Granting Motion for Summary Judgment." [DE 163]

## ARGUMENT IN SUPPORT OF ATTORNEYS' FEES

APS seeks the amount of $252,271.50 for the work performed defending the breach of contract claims pursuant to the 2004 Representative Agreement. This amount is based on two considerations: (1) work that involved all claims; and (2) worked related to only the breach of contract claim, including claims beyond the 2004 Representative Agreement. The Declaration of Kelly Charles-Collins setting forth the time incurred for work performed and the hourly rates of each time-keeper related to the breach of contract claim is attached hereto as Exhibit A and is incorporated herein. Based upon the reasonable time incurred in defense of the breach of contract claim, APS respectfully requests the Court award to APS the amount of $252,271.50.

APS respectfully requests that the court award its attorneys' fees for the time incurred for preparation and taking the deposition of Mr. Tillman and defending the depositions of Messrs. Martin and Mellett and the preparation, review, drafting and response to all discovery, as the time spent cannot be easily separated and the performance of these tasks would have been necessary and likely the same if only the breach of contract claim had been brought. Thus, APS

has not deducted any time spent in those fees.

Here the breach of contract claims and the other issues in the lawsuit were intertwined such that the time spent on each of these tasks cannot be separated. In certain cases, a plaintiff's

> claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

*Beekman v. ExL Legal, PLLC,* 2017 WL 3614386 (S.D. Fla. 2017), *citing, Hensley v. Eckerhart,* Hensley, 461 U.S. 424, 435 (1983).

"If the claims involve a 'common core' of facts and are based on 'related legal theories,' a full fee may be awarded unless it can be shown that the attorneys spent a separate and distinct amount of time on counts as to which no attorneys' fees were sought or authorized." *Durden v. Citicorp Trust Bank, FSB*, 763 F.Supp.2d 1299, 1306-1307 (M.D. Fla. 2011) (citations and quotations omitted). "Where a particular claim is subject to a fee entitlement but one or more related claims are not, 'time spent marshaling the facts' of the related claims is compensable because it 'likely would have been spent defending any one or all of the counts.'" *See* Caplan v. 1616 E. Sunrise Motors, Inc., 522 So.2d 920, 922 (Fla. 3d DCA 1988).

The claims raised here involve a common core of facts – the commissions claimed in the breach of contract claim were also a measure of damages for each of the other claims in the lawsuit. Moreover, all of plaintiff's claims, including the breach of contract claim, arose out of plaintiff's employment relationship with APS. Thus, most of counsel's time was spent devoted generally to the litigation as a whole, making it difficult to divide the hours on a claim-by-claim

basis. Accordingly, APS seeks its attorneys' fees for all the time incurred related to these time entries.

## CONCLUSION

Based upon the foregoing, APS respectfully requests that the Court award the amount of $252,271.50 in attorneys' fees to APS in defending the breach of contract claim, along with any further relief the Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 30, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specific, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authored manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

/s/Kelly Charles-Collins
**KELLY CHARLES-COLLINS**
Florida Bar No.: 56261
**WILLIAM G.K. SMOAK**
Florida Bar No.:645028
**Smoak, Chistolini & Barnett, PLLC**
320 W. Kennedy Blvd.
4th Floor
Tampa, FL  33606
(813) 221-1331 Telephone
(813) 223-7881 Facsimile
courtdocuments@flatrialcounsel.com
**Counsel for Defendant Advanced Public Safety, Inc.**