UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-81782-CIV-MARRA/MATTHEWMAN

KIM PETER TILLMAN,

    Plaintiff,

v.

ADVANCED PUBLIC SAFETY, INC., and
TRIMBLE, INC.,

    Defendants.
_____/

## OPINION AND ORDER ON PLAINTIFF'S MOTION FOR AWARD OF FUTURE DAMAGES BASED UPON JURY'S VERDICT OF LIABILITY

This cause is before the Court upon Plaintiff's Motion for Award of Future Damages Based Upon Jury's Verdict of Liability [DE 258]. The motion is ripe for the Court's consideration. The Court has reviewed all papers submitted in connection with the motion, the entire file, and is otherwise duly advised in the premises.

### Procedural Background

Preliminarily, the Court will address a procedural issue that has arisen in connection with the instant motion. Defendants have requested an evidentiary hearing in connection with Plaintiff's motion. They argue that there is evidence relevant to Plaintiff's front pay claim that was not relevant during the trial, and they want to present testimony and/or evidence through affidavits. [DE 263 at 10].

Plaintiff opposes this request, noting that a stipulation was entered into on this issue at the time of trial. [DE 269 at 11]. At a sidebar with the Court, counsel for Defendants stated that she

would have no cross-examination of Mr. Moe. [1/29/18 Trial Testimony at 13:4-14:24, DE 259]. It was agreed that the evidence of future damages would be done by written submission. [*Id*.]. Plaintiff states that he would not have agreed to the stipulation if Defendants had disclosed that they intended to seek the ability to present new evidence that was never disclosed before trial. [DE 259 at 11-12].

Defendants have presented no explanation for their change in position. Having voluntarily entered into the stipulation at trial, and apparently having not disclosed any such additional evidence prior to trial, the Court denies Defendants' request for a hearing or oral argument.

Defendants have presented various factual arguments in opposition to the motion that have no support in the record before the Court. Nothing has been submitted other than statements of their attorneys, which do not constitute evidence. By way of example, Defendants argue that after Trimble was sold to Aptean, the compensation plans were changed. Defendants criticize Plaintiff's expert for not taking this into account in his calculations, while at the same time acknowledging that they did not present this testimony during the trial. In rendering its decision herein, the Court has not taken into account any purported evidence submitted by Defendants solely via their attorney's statements.

## **Legal Standard**

Having obtained a verdict against Defendants under the Florida Whistleblower Act [DE 241], Plaintiff is entitled to recover his future economic damages. "[F]ront pay is simply money awarded for lost compensation during the period between judgment and reinstatement or in lieu

of reinstatement." *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 846 (2001).[1] Front pay is an issue for the Court to decide after the jury returns a verdict. *Austrum v. Fed. Cleaning Contractors, Inc.*, 14-cv-81245-KAM, 2016 WL 3526130, at *3 (S.D. Fla. June 23, 2016).

## Positions of the Parties

The parties both state that reinstatement is not the appropriate remedy here, and the Court agrees. [DE 258 at 1-2, DE 263 at 2]. Defendants, however, also argue that front pay is inappropriate. [DE 263 at 3].

Plaintiff has submitted a calculation of his future economic damages by his expert witness, Roderick Moe, CPA. [DE 258-2]. Mr. Moe calculates Plaintiff's future damages as totaling $517,375, which he opines is the difference in wages and benefits that he projects Mr. Tillman would have made had he continued his employment with Trimble through age 70,[2] compared to the wages and benefits he projects Mr. Tillman will make at his current job.

In response, Defendants first argue that Plaintiff is not entitled to an unreasonable and excessive award that compensates him for the remainder of his working life. Second, Defendants argue that the jury's award of back pay fully compensated Plaintiff for any retaliation found by the jury. Third, Defendants state Plaintiff produced no competent evidence suggesting that his injuries have narrowed the range of economic opportunities available to him. Finally, Defendants argue that Plaintiff produced no competent evidence suggesting that his injury has

---

[1]The law applicable to Title VII of the Civil Rights Act has been held to apply to cases arising under the Florida Whistleblower Act. *Sierminski v. Transsouth Financial Corp.*, 216 F.3d 945, 950 (11th Cir. 2000).

[2]Mr. Moe calculated the damages for two different retirement ages, 67 and 70. Since the Court accepts Plaintiff's testimony that he intends to work until age 70, the Court is not addressing the alternative numbers.

3

caused a diminution in his ability to earn a living. [DE 263 at 2].

Plaintiff replies that he mitigated his damages and should, therefore, be awarded the full amount of front pay he has requested. [DE 269 at 3-4]. He criticizes Defendants' mathematical computations as unsupported by the record evidence. [*Id*. at 5-8]. He further notes that a defendant should not be heard to complain about the uncertainty of front pay when that defendant's act caused the uncertainty. [*Id*. at 8-9].

## **Discussion**

An award of future damages is inherently speculative. There is nothing unique about the instant case. The Court must balance Plaintiff's entitlement to such damages with Defendants' right not to be compelled to provide Plaintiff with a windfall. *See, e.g.,Lewis v. Federal Prison Indus., Inc.*, 953 F.2d 1277, 1281 (11th Cir. 1992)("[b]ecause of the potential for windfall [the] use [of front pay] must be tempered."(citations omitted)).

Having reviewed Plaintiff's submission and Defendants' objections, the Court finds that Plaintiff is entitled to future damages, but not to the extent that he requests. The Court agrees with Defendants that it is inappropriate to award Plaintiff front pay through his expected date of retirement, which the Court accepts as age 70 based upon Plaintiff's testimony. It has been held that front pay is not intended to subsidize a Plaintiff for the rest of his working life, as that would create a disincentive for Plaintiff to advance in his career. *See Vroma v. Volusia County, Fla.,* 6:06-cv-229-Orl-28 DAB, 2009 WL 395501, *2 (M.D. Fla. Feb. 17, 2009).

Plaintiff concedes that his commission rate is higher with his new employer. Nevertheless, he argues that he is unable to earn as much as he earned before his termination, because he has had to start over in a new territory with different customers. [DE 269 at 7-8]. The

4

Court accepts this argument to a point. The Court finds that in order to make him whole, Plaintiff should receive damages to offset this diminution in earning capacity through 2019. The Court finds that this gives Plaintiff additional time to build his new client base without giving him an unfair windfall.

In arriving at an amount to fairly compensate Plaintiff, the Court must evaluate whether to consider amounts Plaintiff received as fringe benefits prior to his termination, but no longer receives at his new job. Unlike legal benefits, fringe benefits are discretionary. Although the Court is not opining that fringe benefits can never be factored into the computation of an award of future damage, the Court finds that based upon the limited evidence before it, the kind and amount of fringe benefits at each place of employment is too speculative to factor into an award of future damages in this case.

## **Conclusion**

The Court finds the following awards are fair and reasonable based upon the facts of this case, and fully compensate Plaintiff for his future damages arising from Defendants' retaliation against him. Mr. Moe opines that Plaintiff's uninjured income for 2018 and 2019 would be $153,468 and $172,713, respectively, including legal benefits.[3] The Court accepts these calculations as reasonable, including the 5% Income Growth Rate.[4] Mr. Moe calculates Plaintiff's injured income for the same periods of time as $109,534 and $123,105. The

---

[3] The Court has excluded the fringe benefits which Mr. Moe included.

[4] The Court rejects Defendants' calculations, [DE 263 at 8], which focus solely on Plaintiff's 2014 income, when the relationship between Plaintiff and Defendants was deteriorating, and the jury found a violation of the Florida Whistleblower Act. Defendants' calculations also improperly attribute 100% of the earnings from Plaintiff's wife's business, TNT Solutions, to Plaintiff.

difference in 2018 is $43,934, and the difference in 2019 is $49,608. Discounting the 2019 amount by a 2.48% discount rate (as suggested by Mr. Moe), the 2019 total becomes $48,378. The Court finds the total amount of Plaintiff's future damages to be **$92,312**.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Award of Future Damages Based Upon Jury's Verdict of Liability [**DE 258**] is **GRANTED** consistent with this Opinion. Pursuant to Fed. R. Civ. Pro. Rule 58(a), Judgment must be entered separately. The Court orders the Parties to submit to the Court an agreed upon draft judgment reflecting the contents of this Order, as well as the Jury Verdict [DE 241], and the Agreed Order on Defendants' Motion for New Trial, or in the Alternative, Remittitur on Jury's Damages Award on Plaintiff's Breach of Contract Claim [DE 260] within **15 days** of the date that this Order is entered.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida this 1st day of May, 2018.

_____
KENNETH A. MARRA
United States District Judge