UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-81782-CIV-MARRA

KIM PETER TILLMAN,

    Plaintiff,

vs.

ADVANCED PUBLIC SAFETY, INC. and
TRIMBLE INC.,

    Defendants.
                                     /

## PLAINTIFF'S MOTION FOR ENTITLEMENT TO ATTORNEYS' FEES AND COSTS

Plaintiff, Kim Peter Tillman ("Mr. Tillman"), pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and Local Rule 7.3 of the Local Rules of the Southern District of Florida hereby moves this Court for an order entitling Mr. Tillman to attorneys' fees and costs against Defendants, Advanced Public Safety, Inc. and Trimble, Inc. (collectively "Defendants"), and in support thereof states:

1. Mr. Tillman's Second Amended Complaint included claims for violation of the Florida Whistleblower Act (Count I) and Breach of Contract for unpaid wages (Count II). *See* Second Amended Complaint [DE 102] at pp. 8-12. On February 1, 2018, the jury returned a verdict in Mr. Tillman's favor on both of the above counts, finding that Defendants took unlawful adverse action against Mr. Tillman in violation of the Florida Whistleblower Act <u>and</u> that Defendants breached a contract with Mr. Tillman. *See* Jury's Verdict [DE 241] at ¶¶ 1, 3. As the prevailing party, Mr. Tillman now seeks the recovery of his attorneys' fees under the applicable statute and the applicable contract and his costs under applicable law. *See* Fed. R.

Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.").[1]

2.  As the prevailing party with respect to his Florida Whistleblower Act claim, Mr. Tillman is entitled to an award of his attorneys' fees.  The Florida Whistleblower Act provides that a "court may award reasonable attorney's fees, court costs, and expenses to the prevailing party." § 448.104, Fla. Stat. (2017).

3.  Florida courts consider several factors to guide a court's discretion in awarding fees, which include: (1) the scope of the litigation, (2) whether the plaintiff's claim was meritorious, (3) the possibility that a fee award would frustrate the Florida Whistleblower Act's purpose by deterring worthy claims, (4) any wealth disparity between the parties, and (5) whether the losing party acted in good or bad faith.  *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1259 (11th Cir. 2014) (discussing that while neither the Florida Whistleblower Act nor its legislative history indicate what should guide a court's decision in awarding fees, Florida courts have been guided by this "five-factor test").

4.  Each of the above factors weighs in Mr. Tillman's favor.  Mr. Tillman's Florida Whistleblower Act claim was meritorious as evidenced by the jury verdict in his favor.  The wealth disparity between Mr. Tillman and the Defendants is obvious as Defendants are collectively worth billions of dollars and Mr. Tillman lost his job as a result of Defendants' unlawful actions.  Awarding Mr. Tillman his attorneys' fees would not frustrate the Florida Whistleblower Act's purpose by deterring worthy claims.  Indeed, the opposite is true. Declining to award fees to a whistleblower that prevailed at trial, as the Act permits, on a worthy

---

[1] Although the Court has not yet entered Final Judgment in Mr. Tillman's favor, *see* [DE 278] at p. 6 (directing parties to submit proposed final judgment by May 18, 2018), Mr. Tillman files this motion in an abundance of caution.  *See* Order [DE 273] (granting Defendant, Advanced Public Safety, entitlement to recover attorneys' fees in part).

claim against corporate defendants, who have grossly disproportionate resources than that whistleblower, would deter future worthy claims. Accordingly, Mr. Tillman should be awarded his attorneys' fees for prevailing on his Florida Whistleblower claim.

5. Mr. Tillman is also entitled to his attorneys' fees because he prevailed on his Breach of Contract claim, as the Defendants were held liable to Mr. Tillman for unpaid wages. Iowa law, which the Court found applies to Mr. Tillman's claim for breach of contract, provides for the recovery of attorneys' fees when a prevailing employee recovers "unpaid wages or expenses." Iowa Code § 91A.8. Accordingly, "if an employer is held liable to an employee for unpaid wages or expenses, the employer is also liable for the usual and necessary fees of the employee's attorney. The employer bears this liability whether the failure to pay was intentional or otherwise." *Maday v. Elview-Stewart Sys. Co.*, 324 N.W.2d 467, 469 (Iowa 1982); *see also Condon Auto Sales & Serv., Inc. v. Crick*, 604 N.W.2d 587, 596 (Iowa 1999) ("An employer who fails to pay wages to an employee as required under the law is liable to the employee for the unpaid wages, court costs, ***and attorney fees incurred in the recovery of the unpaid wages***.") (emphasis added).

6. Mr. Tillman's Breach of Contract claim sought the recovery of unpaid commissions and an unpaid bonus. Specifically, the Court's Instructions to the Jury provided that Mr. Tillman's Breach of Contract claims sought damages for the "unpaid commissions" and "claimed bonus payment" in connection with the DuPage County 2013 project. *See* Court's Instructions to the Jury [DE 240] at p. 29. Accordingly, by answering "YES" to the third interrogatory in its Verdict, the jury found that Defendants breached a contract with Mr. Tillman and were liable for Mr. Tillman's unpaid commissions and unpaid bonus, i.e. his wages. *See* Jury's Verdict [DE 241] at ¶ 3.

7.     The Supreme Court of Iowa has held that "bonuses" and "commissions" that employers are contractually obligated to pay plainly constitute "wages" under Section 91A.2(7)(a) of Iowa's Wage Payment Collection Act. *See Dallenbach v. MAPCO Gas Products, Inc.*, 459 N.W.2d 483, 487-89 (Iowa 1990) (holding that plaintiff's "bonus," which defendant was "contractually bound to pay," constituted "wages" under the plain language of § 91A2(4)(a) (now § 91A.2(7)(a)); *Miller v. Component Homes, Inc.*, 356 N.W.2d 213, 216 (Iowa 1984) ("'Wages' are defined as 'compensation owed by an employer for [l]abor or services rendered by an employee, whether determined on a time, task, piece, *commission*, or other basis of calculation.'") (quoting Iowa Code § 91A.2(4)(a) (now § 91A.2(7)(a)) (emphasis added).

8.     Accordingly, because Mr. Tillman prevailed on his Breach of Contract claim for the recovery of his unpaid wages, Mr. Tillman is entitled, as a matter of law, to his attorneys' fees. *Maday*, 324 N.W.2d at 469; *Condon Auto Sales*, 604 N.W.2d at 596.[2]

9.     For the foregoing reasons, Mr. Tillman respectfully requests the Court enter an Order granting him the entitlement to his attorneys' fees in an amount to be determined after additional briefing and submissions. *See* S.D. Fla. Local Rule 7.3(a) ("Pursuant to Federal Rule

---

[2] The fact Mr. Tillman recovered some, but not all, of his claimed wages does not change Mr. Tillman's entitlement to the recovery of his attorneys' fees from Defendants. *See Maday*, 324 N.W.2d 467 (holding that plaintiff was entitled to attorney fees pursuant to section 91A.8, even though the jury returned a verdict for plaintiff for only *some* of the unpaid commissions sought). Even under Florida law, the result is the same: Mr. Tillman is entitled to recover his attorneys' fees for prevailing and recovering commissions even though he did not recover all of his claimed commissions or on all of his claims. "Section 448.08, Florida Statutes (1985), provides as follows: 'The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee.' Florida courts have held that the prevailing party in an action to recover unpaid periodic salary, unpaid sales *commissions*, an *unpaid bonus*, or unpaid severance pay-all allegedly *due under a contract* of employment for services rendered-is *entitled to an award of attorney's fees* under the above statute." *Coleman v. City of Hialeah*, 525 So. 2d 435, 436 (Fla. 3d DCA 1988) (emphasis added) (footnotes omitted). "[A] party prevails within the meaning of section 448.08 when there is an affirmative judgment rendered, *even if it is for less than the amount claimed and recovery is not had on all counts*." *Langford v. Paravant, Inc.*, 48 So. 3d 75, 76 (Fla. 5th DCA 2010) (reversing denial of attorneys' fees where plaintiff employee recovered *only a portion* of the unpaid commissions sought) (emphasis added, quoting *Community Design Corp. v. Antonell*, 459 So.2d 343, 346 (Fla. 3d DCA 1984), *review denied*, 469 So.2d 748 (Fla.1985)).

4

of Civil Procedure 54(d)(2)(C), either party may move the Court to determine entitlement prior to submission on the issue of amount.").

WHEREFORE, Plaintiff, Kim Peter Tillman, respectfully requests the Court enter an order entitling Mr. Tillman to attorneys' fees and costs against Defendants, Advanced Public Safety, Inc. and Trimble, Inc., on Count I (Violation of Florida Whistleblower Act) and Count II (Breach of Contract).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 8, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

>/s/ *Roger W. Feicht*
>Roger W. Feicht
>Florida Bar No. 84982
>E-mail:  rfeicht@gunster.com
>J. Anthony Nelson
>Florida Bar No. 126351
>Email: jnelson@gunster.com
>Gunster, Yoakley & Stewart, P.A.
>777 S. Flagler Drive, Suite 500 East
>West Palm Beach, FL  33401
>Telephone:  (561) 655-1980
>Facsimile:  (561) 655-5677
>*Attorneys for Plaintiff*

# SERVICE LIST
*Kim Peter Tillman v. Advanced Public Safety, Inc. and Trimble Navigation, Ltd.*
Case No. 15-81782-CIV-MARRA

Kelly Charles-Collins, Esq.
William G.K. Smoak, Esq.
Starr Linette Brookins, Esq.
Smoak, Chistolini & Barnett, PLLC
320 W. Kennedy Blvd., 4th Floor
Tampa, FL 33606
kcollins@flatrialcounsel.com
courtdocuments@flatrialcounsel.com
*Counsel for Defendants Advanced Public Safety, Inc. and Trimble, Inc.*

WPB_ACTIVE 8455013.3