UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-81782-CIV-MARRA/MATTHEWMAN

KIM PETER TILLMAN,

    Plaintiff,

v.

ADVANCED PUBLIC SAFETY, INC., and
TRIMBLE, INC.,

    Defendants.
_____/

## OPINION AND ORDER ON ENTITLEMENT TO ATTORNEYS' FEES AND REFERRAL TO MAGISTRATE JUDGE WILLIAM MATTHEWMAN

This cause is before the Court upon Plaintiff's Motion For Entitlement to Attorneys' Fees and Costs [DE 279]. The motion is ripe for the Court's consideration. The Court has reviewed all papers submitted in connection with the motion, the entire file, and is otherwise duly advised in the premises.

The Court previously held that Defendant Advanced Public Safety was entitled to recover its attorneys' fees pursuant to the Representative Agreement it had with Plaintiff, after the Court granted summary judgment as to all contract claims allegedly arising out of the Representative Agreement between Plaintiff and Advanced Public Safety. [DE 273].[1] The Court found no basis to preclude the enforcement of the contractual provision in the Representative Agreement permitting the prevailing party to recover attorneys' fees. Defendant's entitlement to these fees arose under the contract. For purposes of the claim based on that contract, the prevailing party

---

[1] Familiarity with the Court's prior orders in this case is assumed.

was Advanced Public Safety.

The Court noted that the fact that Plaintiff had other contract claims as to which he prevailed, which were unrelated to the Representative Agreement, did not alter this result. The Court stated that Plaintiff also might be entitled to attorneys' fees, and that this was no different from situations in litigation where parties have offsetting claims against one another.

Plaintiff now moves pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and Local Rule 7.3 of the Local Rules of the Southern District of Florida for his attorneys' fees and costs. The Parties do not disagree relative to his entitlement thereto, rather, they disagree as to the scope of those fees.

Having succeeded on his Florida Whistleblower claim, and his breach of contract claim under Iowa law, Plaintiff seeks his fees and costs pursuant to Section 448.104, Fla. Stat. as to the former, and Iowa Code §91A.8 as to the latter. Defendants agree that Plaintiff is entitled to attorneys' fees under these provisions. [DE 286 at ¶ 2].

Defendants disagree with Plaintiff, however, as to the scope of those fees. Defendants argue that it is inappropriate to permit Plaintiff to recover fees and costs as to the portion of his breach of contract claim that was dismissed upon Defendants' summary judgment motion. [DE 286 at ¶8]. To do so, Defendants argue, would essentially invalidate this Court's order granting Defendant Advanced Public Safety Inc.'s entitlement to fees as to this issue. [*Id*. at ¶10].

Plaintiff replies that Defendants' analysis constitutes a misapplication of the Iowa Wage Payment Collection Act and would undermine the remedial purpose of the Act. [DE 290].

Although Iowa Code §91A.8 makes an award of attorneys' fees mandatory in successful wage claim litigation, such reimbursement is not unlimited. The amount of fees to be awarded is

2

within the Court's discretion, and is limited by the statute to the usual and necessary fees to "recover the unpaid wages." Iowa Code §91A.8; *Gabelmann v. NFO, Inc.*, 606 NW2d 339, 343 (Iowa 2000).

Taken to the *reductio ad absurdum*, Plaintiff's argument would enable a party's attorney to add many meritless claims to one viable claim and dramatically increase the amount of the recoverable fees. Awarding all fees in such a scenario is not required by Iowa law. In *Lara v. Thomas*, 512 N.W. 2d 777(Iowa 1994), the Iowa Supreme Court upheld an award of only 25% of the fees sought in the suit. The trial court there considered the total recovery sought on wage related claims; the actual recovery on those claims; the relationship between the fee awarded and the results obtained; the degree that other related claims contributed to success on these claims; and the trial counsel's experience. *Id.* at 787.

*Gabelmann* does not require a different result. Even though in *Gabelmann,* the Iowa Supreme Court held that the lower court judge abused his discretion by awarding only a small amount in fees (which he did because plaintiff did not succeed on most of his claim), the Court made a point of noting that the portion of the claim that was ultimately found to be barred by the statute of limitations was not meritless, having overcome two pretrial motions for summary judgment. The same cannot be said of Plaintiff's claim under the Representative Agreement, which was dismissed upon Defendants' motion for summary judgment.

The Court finds that Plaintiff is entitled to his attorneys' fees and costs relating to his Florida Whistleblower Act claim and that part of his breach of contract claim upon which he prevailed, relating to the DuPage County 2013 project. The Court declines to award Plaintiff his fees and costs relating to his unsuccessful claim under the Representative Agreement. That claim

did not contribute to the success of his contract claim relating to the DuPage County 2013 project, which arose not from the Representative Agreement, but from Plaintiff's separate Compensation Plan.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion For Entitlement to Attorneys' Fees and Costs **[DE 279]** is **GRANTED CONSISTENT WITH THIS OPINION**. The assessment of the amount of the fees permitted by this Order, and the statutory and case law of the two relevant jurisdictions, is hereby **REFERRED** to Magistrate Judge William Matthewman for a **REPORT AND RECOMMENDATION**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida this 18th day of June, 2018.

KENNETH A. MARRA
United States District Judge