UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-cv-81782-MARRA/MATTHEWMAN

KIM PETER TILLMAN,

    Plaintiff,

v.

ADVANCED PUBLIC SAFETY, INC., and
TRIMBLE, INC.,

    Defendants.

_____/



FILED by ___ D.C.

NOV 0 2 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON AMOUNT OF ATTORNEY'S FEES TO BE AWARDED TO DEFENDANT, ADVANCED PUBLIC SAFETY, INC.**

THIS CAUSE is before the Court upon Defendant, Advanced Public Safety, Inc. ("Defendant") Supplemental Brief in Support of Motion for Attorneys' Fees [DE 277]. United States District Judge Kenneth A. Marra has already ruled on the entitlement issue and has referred the issue of the amount of the attorney's fee award to the undersigned. *See* DE 273.

## **BACKGROUND**

On February 15, 2018, Defendants Advanced Public Safety, Inc., and Trimble, Inc., moved for attorney's fees. *See* DE 262. On April 4, 2018, United States District Judge Kenneth A. Marra issued an Order on Entitlement to Attorneys' Fees and Referral to Magistrate Judge William Matthewman [DE 273]. Judge Marra determined that Defendant Advanced Public Safety, Inc. (and not Trimble, Inc.) is entitled to attorney's fees "specifically arising out of the defense of the 2004 Representative Agreement with Plaintiff, culminating in the Court's Order Granting Summary Judgment in Part [DE 163]." *Id.* at p. 3. Judge Marra referred to the undersigned the

1

assessment of the amount of fees permitted. *Id.* at p. 4. Judge Marra also specifically noted that, [t]o the extent Defendants Advanced Public Safety, Inc., and Trimble, Inc., seek attorneys' fees relating to Plaintiff's age discrimination claim, the Court denies that request." *Id.* at p. 4.

Upon receipt of the referral, the undersigned entered an Order Requiring Supplemental Briefing [DE 274]. The undersigned instructed the parties to file supplemental briefs regarding the specific amount of attorney's fees to which Defendant is entitled in light of Judge Marra's Order. *Id.* On April 30, 2018, Defendant filed a Supplemental Brief in Support of Motion for Attorneys' Fees [DE 277]. Defendant is seeking $252,271.50 in fees. *Id.* Defendant argues that it is entitled to fees for the following legal work: (1) legal work that involved all claims and (2) legal work related to only the breach of contract claim, including claims beyond the 2004 Representative Agreement. *Id.* at p. 3. Plaintiff filed a response brief [DE 285], and Defendant filed a reply brief [DE 289]. The Court has carefully reviewed all of the submissions of the parties.

## DISCUSSION

Here, Judge Marra has already determined Defendant's entitlement to fees. Thus, the only issue before the undersigned is the amount of the attorney's fees award.

A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (*quoting Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained by the attorney. *See Barnes*, 168 F.3d at 427 (*citing Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway*

2

*Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n. 2 (citation omitted).

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427. The Court may use its own experience in assessing the reasonableness of attorney's fees. *Norman*, 836 F.2d at 1299.

With regard to the type of evidence that the fee claimant should produce in support of a claim, in *Barnes*, the Eleventh Circuit has stated,

> The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id.* (citations omitted).

168 F.3d at 427.

In submitting a request for attorney's fees, fee applicants are required to exercise "billing

*Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n. 2 (citation omitted).

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427. The Court may use its own experience in assessing the reasonableness of attorney's fees. *Norman*, 836 F.2d at 1299.

With regard to the type of evidence that the fee claimant should produce in support of a claim, in *Barnes*, the Eleventh Circuit has stated,

> The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id.* (citations omitted).

168 F.3d at 427.

In submitting a request for attorney's fees, fee applicants are required to exercise "billing

judgment." *Barnes*, 168 F.3d at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *See Barnes*, 168 F.3d at 428 (*quoting Norman*, 836 F.2d at 1301 (*emphasis in original*)). The burden rests on the movant to submit a request for fees that will enable the court to determine how much time was reasonably expended. *Loranger*, 10 F.3d at 782.

## I. COUNSEL'S HOURLY RATE

In seeking reimbursement for its attorney's fees, Defendant relies on the billing records of its attorneys, Kelly Charles-Collins, Esq., who charges $300 per hour, William G. K. Smoak, Esq., who charges $300 per hour, Starr L. Brookins, Esq., who charges $225 per hour, Kimberly Nunez, Esq., who charges $145 per hour, Gustavo Bernardez, a paralegal who charges $150 per hour, and Janey Maniello, a paralegal who charges $150 per hour (although, due to a billing error, her rate was set at $95 per hour for a period of time). [DE 277-1.] According to the Affidavit of Kelly Charles-Collins, Esq. [DE 277-1], Ms. Charles-Collins has been a member of the Florida Bar since 1995, has been practicing employment law since 1998, and is a partner at the law firm of Smoak, Chistolini & Barnett, PLLC. *Id.* Ms. Charles-Collins worked for the law firm of Hamilton, Miller & Birthisel, PLLC, when she started representing Defendant. *Id.* On August 1, 2016, she began working at Smoak, Chistolini & Barnett, PLLC, and the case was transferred to her new firm. *Id.* Therefore, the billing on behalf of Defendant was conducted by two different law firms. *Id.*

Attached to Ms. Charles-Collins' Affidavit are pages from the law firm website concerning each attorney who represented Defendant. *See* DE 277-2. According to the website, Mr. Smoak

4

has been practicing law since at least 2002. *Id.* He is the managing partner of Smoak, Chistolini & Barnett, LLC, and has a preeminent rating from Martindale-Hubbell. *Id.* Ms. Brookins has been practicing law since 2011 and has been an associate at Smoak, Chistolini & Barnett, LLC, since 2016. *Id.* Ms. Nunez had been practicing law since 2016 and worked as a law clerk and a claims case manager prior to becoming an attorney. *Id.*

The Court notes that the lack of an expert affidavit in support of the claimed rate is not fatal. After all, "the court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (citations omitted). Moreover, the Court notes that Plaintiff has not objected to or challenged the attorneys' rates in his supplemental brief. *See* DE 285, p. 3.

Having considered the information contained in Defendant's Motion, the fact that Plaintiff does not object to or challenge the rates sought, and the *Johnson* factors, and based upon the undersigned's own knowledge and experience, the undersigned concludes that the rates sought by Defendant are reasonable. Based on the qualifications of counsel and the filings of the parties, the undersigned **RECOMMENDS** that the District Judge find that Ms. Charles-Collins' rate of $300 per hour, Mr. Smoak's rate of $300 per hour, Ms. Brookins' rate of $225, Ms. Nunez's rate of $145 per hour, Mr. Bernardez's rate of $150 per hour, and Ms. Maniello's rate of $150 per hour be accepted as reasonable.

## II. NUMBER OF HOURS REASONABLY EXPENDED

Judge Marra previously determined that Defendant is solely entitled to attorney's fees "specifically arising out of the defense of the 2004 Representative Agreement with Plaintiff, culminating in the Court's Order Granting Summary Judgment in Part [DE 163]." [DE 273, p. 3].

However, Defendant is explicitly seeking fees for the following legal work: (1) legal work that involved all claims and (2) legal work related to only the breach of contract claim, including claims beyond the 2004 Representative Agreement. [DE 277, p. 3]. Defendant is also specifically seeking fees for the time incurred "for preparation and taking the deposition of Mr. Tillman and defending the depositions of Messrs. Martin and Mellett and the preparation, review, drafting and response to all discovery, as the time spent cannot be easily separated and the performance of these tasks would have been necessary and likely the same if only the breach of contract claim had been brought." *Id.* Defendant contends that the claims in this case involve a common core of facts and that all of Plaintiff's claims arose out of Plaintiff's employment relationship with Defendant. *Id.* at p. 4.

In response, Plaintiff argues first that Defendant cannot recover for fees incurred for the benefit of co-defendant, Trimble Inc., and that Defendant failed to make a "reduction for the fact that all of the fees sought were jointly incurred by both APS and Trimble." [DE 285, p. 3]. Plaintiff further argues that Defendant is improperly seeking to recover fees that are "expressly for the benefit of Trimble only." *Id.* Plaintiff next contends that Defendant can only recover fees specifically arising out of the defense of the 2004 Representative Agreement and that Defendant's "defense to the Contract Claims, whether it failed to pay Mr. Tillman wages owed, was separate and distinct from its defense to the Retaliation Claims." *Id.* at p. 5. Plaintiff emphasizes that one of the five contracts at issue in this case provides Defendant with a limited basis to seek recovery of fees—the 2004 Representative Agreement. *Id.* at p. 6. Plaintiff maintains that Defendant itself has distinguished between the different contracts in past pleadings. *Id.*

Plaintiff further argues that there is no common core of facts between the 2004 Representative Agreement and the retaliation claims. [DE 285, p. 7]. Plaintiff additionally

6

provides examples of how the billing records attached to Defendant's Supplemental Motion are over-inclusive. *Id.* at pp. 8-9. Finally, Plaintiff asserts that Defendant cannot recover for attorney travel time because Defendant has not established that no attorney in West Palm Beach was competent to handle Defendant's defense. *Id.* at p. 10.

Plaintiff has provided a copy of Defendant's billing with notations indicating whether or not Plaintiff believes the individual time entries fall within the scope of Judge Marra's Order establishing entitlement. [DE 285-1]. According to Plaintiff, less than $11,460 in fees specifically arises out of the 2004 Representative Agreement. [DE 285, p. 10]. Plaintiff contends that the Court should only award Defendant 50% of this amount as that sum was incurred on behalf of both defendants; therefore, Plaintiff argues that Defendant is only entitled to $5,730 in fees. *Id.*

In reply, Defendant first argues that, when this litigation was filed, Advanced Public Safety, Inc., was a wholly owned subsidiary of Trimble, Inc., so Trimble undertook the defense of both entities and the cost of that defense. [DE 289, p. 1]. When Advanced Public Safety was sold in July 2016, Trimble retained the obligation to defend and front the cost for the defense of Advanced Public Safety. *Id.* Therefore, Defendant maintains that the fact that Trimble paid the fees "does not change that the fees incurred were incurred on behalf of APS in defense of Plaintiff's claims regarding the 2004 Representative Agreement." *Id.* at p. 2. Next, Defendant contends that its Supplemental Motion is not overly inclusive and only seeks fees "specifically arising from worked [sic] performed on behalf of APS which was required to defend Plaintiff's claims arising out of the 2004 Representative Agreement." *Id.* at p. 1. Defendant also responds to each of Plaintiff's arguments about specific categories of fees with which Plaintiff takes issue. *Id.* at pp. 2-3.

7

Defendant concedes that certain entries, including all travel time and all fees relating to Lori Ciccone and the deposition of Michael Sparks, should be stricken.[1] [DE 289, p. 3]. Defendant further argues that "Plaintiff has not met its burden of providing this Court with sufficient specificity to allow the court to determine what Plaintiff's [sic] is arguing is unreasonable or unnecessary." *Id.* at p. 4. Defendant takes issue with Plaintiff's "key coding on APS invoices, random reduction of over 90% of the billing, and the additional request for a 50% reduction." *Id.*

The law on this issue is as follows. In certain cases, a plaintiff's

> claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

*Hensley*, 461 U.S. at 435. Although *Hensley* dealt with a prevailing plaintiff, it nonetheless provides guidance in this case where Defendant is entitled to attorney's fees on one count filed by one plaintiff. *See also Beekman v. eXL Legal, PLLC*, No. 16-CV-80506, 2017 WL 3614386, at *4 (S.D. Fla. Aug. 11, 2017), *report and recommendation adopted*, 2017 WL 6947445 (S. D. Fla. Oct. 18, 2017) (finding that, while the time included in the redacted billing entries was for certain legal work that was not specific to one claim or the other, since the time did go to the common core of facts and to related legal theories, the prevailing party was entitled to fees on such time entries).

"Where…'a party is entitled to an award of fees for only some of the claims involved in the litigation, i.e., because a statute or contract authorizes fees for a particular claim but not others, the

---

[1] However, Defendant has not actually calculated the total amount of these fees that it agrees are improper and seemingly expects the Court to go through the approximate 124 pages of billing entries to identify the billing entries for which Defendant acknowledges it is not entitled to recovery.

8

trial court must evaluate the relationship between the claims' to determine the scope of the fee award." *Durden v. Citicorp Tr. Bank, FSB*, 763 F. Supp. 2d 1299, 1306–07 (M.D. Fla. 2011) (quoting *Chodorow v. Moore,* 947 So.2d 577, 579 (Fla. 4th DCA 2007)). If "the claims involve a 'common core' of facts and are based on 'related legal theories,' a full fee may be awarded *unless it can be shown that the attorneys spent a separate and distinct amount of time on* counts *as to which no attorney's fees were sought [or were authorized ]." Id.* (quotation and internal quotation marks omitted) (alteration in *Chodorow* ). "[W]here a particular claim is subject to a fee entitlement but one or more related claims are not, 'time spent marshaling the facts' of the related claims is compensable because it 'likely would have been spent defending any one or all of the counts.'" *Durden*, 763 F.Supp. 3d 1306 (citing *Caplan v. 1616 E. Sunrise Motors, Inc.,* 522 So.2d 920, 922 (Fla. 3d DCA 1988)). "In contrast, time spent researching a 'discrete issue' as to a claim without a fee entitlement should not be included in a fee award." *Id.* at 1306-1307.

"The fee applicant (whether a plaintiff or a defendant) must, of course, submit appropriate documentation to meet 'the burden of establishing entitlement to an award.'" *Fox v. Vice*, 563 U.S. 826, 838 (2011) (citing *Hensley*, 461 U.S. at 437). "But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

The undersigned has carefully reviewed Defendant's counsel's billing entries, Plaintiff's notations to the billing entries, and the parties' arguments in their supplemental briefing. The Court does not find that the billing entries contain a multitude of deficiencies such as excessive billing or block billing. However, the Court first takes issue with the fact that Defendant has conceded that certain billing entries and categories of billing entries are improper but has failed to

provide the Court with an amended amount of attorney's fees sought. It is Defendant's burden, and not the Court's responsibility, to go through the billing entries and determine the proper amount of attorney's fees. In this regard, Defendant has failed to meet its burden.

Moreover, Defendant's Motion is particularly difficult to rule upon because Defendant has not done a sufficient job of sifting through the billing entries of defense counsel to determine which ones fall within the ambit of Judge Marra's ruling on entitlement and which do not. In this regard, Defendant has also failed to meet its burden. While the Court agrees with Defendant's argument that certain legal work completed by defense counsel cannot be split by claim, or even by defendant, the Court also finds that not all of the counts in this case involve a common core of facts and legal theories. This was a complex case that involved five different agreements, as well as other unrelated retaliation causes of action. Defendant is only entitled to recover attorney's fees as to one of the five agreements and is not entitled to fees incurred on behalf of its co-defendant. The time incurred by Defendant on discrete issues related to claims to which no fee entitlement applies cannot be included in any fee award.

The Court notes that *Pronman v. Styles*, No. 12-80674-CIV, 2016 WL 3661940, at *6 (S.D. Fla. Mar. 15, 2016), *report and recommendation adopted,* No. 12-80674-CIV, 2016 WL 3636867 (S.D. Fla. Apr. 6, 2016), *aff'd,* 676 F. App'x 846 (11th Cir. 2017), in which the Court cut the attorney's fees requested by 80%, provides some guidance for the case at hand. The court pointed out in that case that the defendant had not met its burden of establishing entitlement to and documentation of all of the hours billed, as required, because the defendant could not show how much of its legal billing pertained solely to the copyright claim. *Id.* The Court is contending with the same issue in this case.

Defendant requests attorney's fees in the amount of $252,271.50. On the other hand,

Plaintiff argues that the attorney's fees award should be $5,730. The fact that the opposing parties assert such divergent positions leads this Court to believe that neither side is being accurate or forthright with the Court as to a reasonable fee in this case. In such a situation, the Court finds both parties' positions to be untenable. The Court has considered the overall relief obtained by Defendant and the fact that Defendant's success is quite limited. Further, in evaluating the relationship between the claims to determine the scope of the fee award, the Court finds that most of the claims are unrelated to the claim upon which Defendant is entitled to attorney's fees. For example, the retaliation claims are not sufficiently related to the 2004 Representative Agreement claim. The contract claims on the other agreements are not sufficiently related to the contract claim on the 2004 Representative Agreements. Thus, the scope of the fee award is greatly limited.

Based upon all of the factors, the Court has considered a range of permissible options. After carefully considering these permissible options, the Court finds that neither of the parties' positions is tenable. The Court finds that a 70% reduction from the $252,271.50 amount claimed by Defendant is appropriate to account for the categories of time that Defendant concedes are improper, the fact that Defendant has failed to meet its burden in certain respects as discussed above, the other factors discussed above, and the fact that Defendant is only entitled to attorney's fees on one of the many claims against Defendant, and the fact that Defendant is not entitled to any fees for legal work carried out on behalf of the co-defendant.[2] Therefore, Defendant is entitled to $75,681.45 as an attorney's fees award.

---

[2] As stated in *Fox v. Vice*, "the essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." 131 S.Ct. at 2216. This Court has endeavored to do that in this case.

## CONCLUSION

In light of the foregoing, the Court **RECOMMENDS** that the District Court award Defendant its attorney's fees in the amount of $75,681.45 and enter judgment in that amount against Plaintiff Kim Peter Tillman and in favor of Defendant Advanced Public Safety, Inc.

## NOTICE OF RIGHT TO OBJECT

A party shall file written objections, if any, to this Report and Recommendation with United States District Judge Kenneth A. Marra within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Failure to object to this Report and Recommendation within that time period waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. 11th Cir.R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 2nd day of November, 2018.

WILLIAM MATTHEWMAN
United States Magistrate Judge