UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-cv-81782-MARRA/MATTHEWMAN

KIM PETER TILLMAN,

    Plaintiff,

v.

ADVANCED PUBLIC SAFETY, INC., and
TRIMBLE, INC.,

    Defendants.

_____/



FILED by _____ D.C.

NOV 0 2 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON AMOUNT OF ATTORNEY'S FEES TO BE AWARDED TO PLAINTIFF, KIM PETER TILLMAN

THIS CAUSE is before the Court upon Plaintiff, Kim Peter Tillman's ("Plaintiff") Motion for Attorneys' Fees and Costs [DE 279] and Plaintiff's Supplemental Brief Regarding Amount of Attorneys' Fees and Costs [DE 295]. United States District Judge Kenneth A. Marra has already ruled on the entitlement issue and has referred the issue of the amount of the attorney's fees and costs award to the undersigned. *See* DE 291.

## I.    BACKGROUND

On May 8, 2018, Plaintiff filed a Motion for Entitlement to Attorneys' Fees and Costs [DE 279]. On June 18, 2018, United States District Judge Kenneth A. Marra issued an Opinion and Order on Entitlement to Attorneys' Fees and Referral to Magistrate Judge William Matthewman [DE 291]. Judge Marra determined that Plaintiff is entitled to attorneys' fees and costs "relating to his Florida Whistleblower Act claim and that part of his breach of contract claim upon which he prevailed, relating to the DuPage County 2013 project." *Id.* at p. 3. Judge Marra explicitly declined to award Plaintiff his attorney's fees and costs "relating to his unsuccessful claim under

1

the Representative Agreement." *Id.*  Judge Marra referred to the undersigned the assessment of the amount of attorney's fees and costs permitted pursuant to the statutory and case law of Iowa and Florida.  *Id.* at p. 4.

Upon receipt of the referral, the undersigned entered an Order Requiring Supplemental Briefing [DE 292].  The undersigned instructed the parties to file supplemental briefs regarding the proper amount of attorney's fees and costs in light of Judge Marra's Order.  *Id.*  On July 17, 2018, Plaintiff filed a Supplemental Brief Regarding Motion for Attorneys' Fees and Costs [DE 295].  Plaintiff is seeking $866,307.50 in attorney's fees and $79,112.01 in costs.  [DE 295, p. 10].  Defendants, Advanced Public Safety, Inc., and Trimble, Inc. ("Defendants"), filed a response brief [DE 300], wherein Defendants argue that the Court should award Plaintiff $346,523.00 in fees [DE 300, p. 8] and $17,826.12 in costs [DE 300, p. 11].  Plaintiff thereafter filed a reply brief [DE 301].

## II.  CALCULATION OF THE ATTORNEY'S FEE AWARD TO PLAINTIFF

Here, Judge Marra has already determined Plaintiff's entitlement to fees.  Thus, the only issue before the undersigned is the amount of the attorney's fees and costs award.

A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (*quoting Blum v. Stenson*, 465 U.S. 886, 888 (1994)).  This "lodestar" may then be adjusted for the results obtained by the attorney.  *See Barnes*, 168 F.3d at 427 (*citing Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).  "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350

2

(11th Cir. 2008). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n. 2 (citation omitted).

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427. The Court may use its own experience in assessing the reasonableness of attorney's fees. *Norman*, 836 F.2d at 1299.

With regard to the type of evidence that the fee claimant should produce in support of a claim, in *Barnes*, the Eleventh Circuit has stated,

> The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id.* (citations omitted).

168 F.3d at 427.

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

If fee applicants do not exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *See Barnes*, 168 F.3d at 428 (*quoting Norman*, 836 F.2d at 1301 (*emphasis in original*)). The burden rests on the movant to submit a request for fees that will enable the court to determine how much time was reasonably expended. *Loranger*, 10 F.3d at 782.

### A. Counsel's Hourly Rate

In seeking reimbursement for its attorney's fees, Plaintiff relies on the Affidavit of Attorneys' Fees and Costs by Roger W. Feicht, Esq. [DE 295-2]. Mr. Feicht avers that he has been licensed to practice law in Florida since 2010 and is a shareholder with Gunster. *Id.* at p. 1. Mr. Feicht states that he was the lead attorney in this case throughout Gunster's representation of Plaintiff in this case in Florida and that, after G. Joseph Curley was appointed a state court judge, Mr. Feicht also served at the billing attorney for Gunster on this matter. *Id.* Mr. Feicht explains that Plaintiff's prior counsel in this case was Ackley, Kopecky & Kingery, LLP of Cedar Rapids, Iowa, from 2014 through December 2015. *Id.* at pp. 1-2.

Defendants argue that the hourly rates sought by Plaintiff are unreasonable. [DE 300, p. 3]. Defendants also contend that "Plaintiff's fee petition is inadequate to meet his burden of demonstrating that the reasonableness of his attorneys', paralegals [sic], and other staffs' [sic] rates." *Id.* at pp. 3-4. Defendants specifically assert that the hourly rate for Plaintiff's paralegals are unreasonable and that administrative or secretarial billing in not recoverable. *Id.* at p. 5.

#### 1. Ackley Attorneys

According to Mr. Feicht, Plaintiff was contractually obligated to Ackley for compensation of legal services and costs. [DE 295-2, p. 2]. The Ackley attorneys billed a total of 164.2 hours

in this matter and are claiming $32,269.00. *Id.* at p. 2. Laura Kamienski, Esq., who has been an attorney since 2005, billed at a rate of $200 per hour; Larry J. Thorson, Esq., who has been an attorney since 1976, billed at a rate of $200 per hour; and Webb Wassmar, Esq., who has been an attorney since 1989, billed at a rate of $130 per hour in 2015 and at a rate of $150 per hour in 2014. *Id.* The Ackley attorneys' profiles from their website are attached to the Affidavit [DE 295-2] as Exhibit B.

Defendants do not appear to specifically object to the rates of the Ackley attorneys; rather, they argue that the attorney's fees of the Ackley attorneys are unrecoverable in light of Judge Marra's Order regarding entitlement to attorney's fees and costs. *See* DE 300, pp. 3-8. The Court also notes that the lack of an expert affidavit in support of the claimed rate is not fatal. After all, "the court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (citations omitted).

Having considered information contained in Plaintiff's motion and the *Johnson* factors, and based upon the undersigned's own knowledge and experience, the undersigned concludes the rates sought by Plaintiff for the Ackley attorneys are reasonable. Therefore, the undersigned **RECOMMENDS** that the District Court find that Ms. Kamienski's rate of $200 per hour, Mr. Thorson's rate of $200 per hour, and Mr. Wassmar's rates of $130 and $150 per hour are reasonable.

### 2. Gunster Attorneys

Defendants contend that the hourly rates sought by Plaintiff for attorneys and paralegals at Gunster are unreasonable. [DE 300, p.p. 3-5]. The Court agrees.

The attorneys from Gunster who billed on this case on Plaintiff's behalf are as follows:

1. Jack. J. Aiello, Esq., who charged $725 an hour in 2018 and charged $700 an hour in 2017;

2. David G. Bates, Esq., who charged $590 an hour in 2017;

3. Meredith I. Biggs, Esq., who charged $260 an hour in 2017 and charged $240 an hour in 2016;

4. G. Joseph Curley, Esq., who charged $620 an hour in 2018, charged $595 an hour in 2017, and charged $575 in 2016;

5. Roger W. Feicht, Esq., who charged $425 an hour in 2018, charged $415 an hour in 2017, and charged $395 an hour in 2016;

6. George S. LeMieux, Esq., who charged $750 an hour in 2016;

7. David N. Naydenov, Esq., who charged $225 an hour in 2018 and charged $220 an hour in 2017;

8. Anthony J. Nelson, Esq., who charged $250 an hour in 2018 and charged $230 an hour in 2017; and

9. Lauren V. Purdy, Esq., who charged $425 an hour in 2018; and Joseph G. Santoro, Esq., who charged $525 an hour in 2017 and charged $510 in 2016. [DE 295-2, p. 4].

The paralegals and e-discovery expert who billed on this case on Plaintiff's behalf are as follows:

1. Tammi Boske, who charged $280 an hour in 2018, charged $270 an hour in 2017, and charged $260 an hour in 2016;

2. Melanie B. Stocks, who charged $295 an hour in 2017;

3. Frederick E. Owens, who charged $385 an hour in 2018, charged $365 an hour in 2017, and charged $350 an hour in 2016; and

4. Laura Davis, who charged $170 an hour in 2018 and charged $160 an hour in 2016-2017.

*Id.* The Gunster attorneys' profiles from their website are attached to the Affidavit [DE 295-2] as Exhibit D.

The undersigned finds that the rates sought by Plaintiff for the Gunster attorneys and paralegals are substantially higher than the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *See, e.g., Hamilton v. Sheridan Healthcare., Inc.*, No. 13-62008-CIV, 2015 WL 13540999, at *3 (S.D. Fla. Dec. 23, 2015), *report and recommendation adopted sub nom. Hamilton v. Sheridan Healthcare, Inc.*, No. 13-62008-CIV, 2016 WL 9444229 (S.D. Fla. Jan. 14, 2016), *aff'd sub nom. Hamilton v. Sheridan Healthcorp, Inc.*, 700 F. App'x 883 (11th Cir. 2017) (reducing rates in an employment discrimination case to $475, $425, and $250 for attorneys and to $135 for a paralegal).

Based upon a review of the record, the qualifications of the various attorneys and paralegals, the nature of the case and the work performed, the different rates claimed by the attorneys, the objection by Defendants, and the undersigned's knowledge and experience, the undersigned finds that the following hourly rates are unreasonable and should be reduced as follows. The Court has also taken into consideration the hourly rate that each attorney and paralegal actually billed clients at during recent years and how the hourly rates differ amongst the attorneys and paralegals.

i.    Jack J. Aiello, Esq.

Jack. J. Aiello, Esq., was admitted to the Florida Bar in 1984, is of counsel at Gunster, and is board certified in appellate practice.    Based upon the Court's own knowledge and experience,

the Court concludes that a $500.00 hourly rate is a reasonable rate in this case for Mr. Aiello, a board certified appellate attorney with approximately 34 years of experience. *See Martin v. Creative Mgmt. Grp., Inc.*, No. 10-23159-CIV, 2014 WL 11804564, at *2 (S.D. Fla. Jan. 23, 2014); *Inspired Dev. Grp., LLC v. Inspired Prod. Grp., LLC*, No. 16-80076-CIV, 2018 WL 2460295, at *5 (S.D. Fla. Apr. 25, 2018), *report and recommendation adopted,* No. 9:16-CV-80076, 2018 WL 2446196 (S.D. Fla. May 31, 2018) (finding $500 per hour reasonable for lead counsel and partner who has practiced law for over 30 years).

### ii.    David G. Bates, Esq.

David G. Bates, Esq., is a shareholder at Gunster, serves on Gunster's board of directors, and is co-chair of the firms Technology & Emerging Companies practice.   He has been practicing law since 1992.   Mr. Bates has an AV Preeminent rating as determined by Martindale-Hubbell. Based upon the Court's own knowledge and experience, the Court concludes that a $400.00 hourly rate is a reasonable rate in this case for Mr. Bates.

### iii.    Meredith I. Biggs, Esq.

Meredith I. Biggs, Esq., was admitted to the Florida Bar in 2011.   She is an associate in the Labor and Employment practice group and charged a rate of $240 per hour in 2016 and $260 in 2017.   Based upon the Court's own knowledge and experience, the Court concludes that a $225.00 hourly rate is a reasonable rate in this case for Ms. Biggs.

### iv.    Joseph Curley, Esq.

G. Joseph Curley, Esq., who is now a state court judge, was previously a shareholder at Gunster and a co-chair of the Labor & Employment practice.   He is a board certified jury trial lawyer, has been practicing law since 1986, and has received a number of accolades.   Based upon the Court's own knowledge and experience, the Court concludes that a $500.00 hourly rate is a

reasonable rate in this case for Mr. Curley.

v.  Roger W. Feicht, Esq.

Roger W. Feicht, Esq., is a shareholder at Gunster who practices employment law. He has received an AV Preeminent rating from Martindale-Hubbell. Mr. Feicht was admitted to the Florida Bar in 2010. He charged a rate of $425 per hour of 2018, $415 per hour in 2017, and $395 per hour in 2016. Based upon the Court's own knowledge and experience, the Court concludes that a $375.00 hourly rate is a reasonable rate in this case for Mr. Feicht.

vi.  George S. LeMieux, Esq.

George S. LeMieux, Esq., is a shareholder and chairman of the board of directors at Gunster. He practices business law and previously served in the Florida Senate. He also founded the LeMieux Center for Public Policy at Palm Beach Atlantic University. Mr. LeMieux was admitted to the Florida Bar in 1994 and has received a plethora of accolades. Based upon the Court's own knowledge and experience, the Court concludes that a $500.00 hourly rate is a reasonable rate in this case for Mr. LeMieux.

vii.  David N. Naydenov, Esq.

David N. Naydenov is an associate at Gunster who specializes in business and employment disputes. He was admitted to the Florida Bar in 2017. Based upon the Court's own knowledge and experience, the Court concludes that a $175.00 hourly rate is a reasonable rate in this case for Mr. Naydenov.

viii.  J. Anthony Nelson, Esq.

J. Anthony Nelson, Esq., is an attorney in Gunster's Labor and Employment practice group. He was admitted to the Florida Bar in 2016. Based upon the Court's own knowledge and experience, the Court concludes that a $200.00 hourly rate is a reasonable rate in this case for Mr.

9

Nelson.

### ix.    Lauren V. Purdy, Esq.

Lauren V. Purdy, Esq., is an associate at Gunster who practices complex commercial litigation and appellate law.   She was admitted to the Florida Bar in 2011.   She charged $425 per hour in 2018.   Based upon the Court's own knowledge and experience, the Court concludes that a $350.00 hourly rate is a reasonable rate in this case for Ms. Purdy.

### x.    Joseph G. Santoro, Esq.

Joseph G. Santoro, Esq., is a shareholder at Gunster, is the chair of the Labor and Employment practice group, and serves in the firm's Office of General Counsel for employment. He was admitted to the Florida Bar in 1998.   Based upon the Court's own knowledge and experience, the Court concludes that a $400.00 hourly rate is a reasonable rate in this case for Mr. Nelson.

### xi.    Tammi Boske

Tammi Boske is a Florida Registered paralegal and an Advanced Certified Paralegal in Trial Practice.   She has over 30 years of experience.   Based upon the Court's own knowledge and experience, the Court concludes that a $175.00 hourly rate is a reasonable rate in this case for Ms. Boske, a paralegal with over 30 years of experience. *See Freestream Aircraft USA Ltd. v. Chowdry,* No. 16-CV-81232, 2017 WL 4785458, at *3 (S.D. Fla. Oct. 20, 2017) (finding a paralegal's hourly rate of $150 to be reasonable); *Brown Jordan International, Inc., v. Carmicle,* No. 14-60629-CV, 2017 WL 5633312, at *6 (S.D. Fla. Aug. 7, 2017), *report and recommendation adopted sub nom. Brown Jordan Int'l, Inc. v. Carmicle*, No. 0:14-CV-60629, 2017 WL 5632811 (S.D. Fla. Aug. 22, 2017) (reducing paralegal's hourly rate from $190.00 to $175.00); *HPC US Fund 1, L.P. v. Wood,* 2016 WL 7636373, at *2 (S.D. Fla. Apr. 22, 2016)

(reducing paralegal's hourly rate from $150 to $125).

### xii.     Melanie B. Stocks

Melanie Stocks is a Florida Registered paralegal and a Certified Paralegal with over 20 years of experience. Based upon the Court's own knowledge and experience, the Court concludes that a $125.00 hourly rate is a reasonable rate in this case for Ms. Stocks.

### xiii.    Frederick E. Owens

Frederick E. Owens is the Electronic Discovery Project Manager at Gunster. He has over 10 years of experience and has a juris doctor degree. Based upon the Court's own knowledge and experience, the Court concludes that a $175.00 hourly rate is a reasonable rate for Mr. Owens.

### xiv.    Laura Davis

No information was provided regarding Laura Davis, who is a paralegal assistant. Based upon the Court's own knowledge and experience, the Court concludes that a $75.00 hourly rate is a reasonable rate in this case for Ms. Davis.

Based on the qualifications of counsel and the filings of the parties, the undersigned **RECOMMENDS** that the District Judge find the above rates to be reasonable.

## B.  **Number of Hours Reasonably Expended**

Judge Marra previously determined that Plaintiff is solely entitled to "his attorneys' fees and costs relating to his Florida Whistleblower Act claim and that part of his breach of contract claim upon which he prevailed, relating to the DuPage County 2013 project." [DE 291, p. 3]. Judge Marra did not award fees related to Plaintiff's unsuccessful claim under the Representative Agreement. *Id.* However, Plaintiff argues that he prevailed on the "main issue of the case (his termination) and on one (1) claim within each of his two (2) theories. Specifically, with respect to the Retaliation Claims, Mr. Tillman prevailed on his Florida Whistleblower claim, and with

respect to his Contract Claims, he prevailed on a portion of his Breach of Contract claim." [DE 295, p. 2]. Plaintiff contends that his counsel redacted all clearly irrelevant billing entries, but that "it is impossible to further extricate the fees incurred prosecuting the successful whistleblower claim with the unsuccessful claims within the Retaliation Claims, or the fees incurred in prosecuting the successful breach of contract claim with the unsuccessful claims in the Contract Claims." *Id.* Plaintiff seeks to recover all of the inextricably intertwined fees, which he alleges involve a common core of facts. *Id.*

In response, Defendants contend that the "two categories of claims for which [Plaintiff] is seeking fees" do not arise out of a common core of facts. [DE 300, p. 2]. They also argue that the fees sought by Plaintiff should be reduced because there was an excessive number of timekeepers and the case was overstaffed. *Id.* at pp. 5-6. Defendants next argue that Plaintiff cannot recover fees for administrative and secretarial tasks or fees for Plaintiff's e-discovery manager. *Id.* at pp. 6-7. Defendants maintain that the fees being sought by Plaintiff's Iowa counsel are not recoverable since there was "no Florida Whistleblower Claim while this matter was in the Iowa courts," and the Iowa attorneys completed no substantive work which would have led to Plaintiff prevailing on the Florida Whistleblower Act and the DuPage County contract claims. *Id.* at p. 8. Defendants argue that Plaintiff cannot recover for vague billing entries. *Id.* They assert that Plaintiff was only partially successful on his claims and that the Court should reduce Plaintiff's fees by 60% across the board, resulting in a fees award of $346,523.00. *Id.* at pp. 10-11. Defendants have attached a copy of Plaintiff's billing entries with Defendants' objections to the billing entries shown on the document. *See* DE 300-1.

In reply, Plaintiff first argues that Defendants' request that the fee award be reduced based on a ratio of successful issues to issues raised is contrary to the law. [DE 301, p. 1]. Plaintiff

next argues that he has "consistently provided a rational explanation of how he prevailed on one claim in each of the two categories" and cites to certain Court Orders that Plaintiffs believes evidence the intertwined nature of his claims and damages. *Id.* at p. 2. Plaintiff asserts that the Iowa counsel are entitled to an award of fees because he "asserted the same legal theories then as he did at trial." *Id.* at p. 3. Next, Plaintiff maintains that it was not unreasonable to have so many attorneys and other individuals working on the case because it actually maximized efficiency and decreased litigation costs. *Id.* at p. 4. Plaintiff also argues that the fees for the e-discovery manager are recoverable because the manager has a juris doctor degree and used his legal knowledge "to assist with the legal analysis and overall strategy associated with compelling Defendants to produce a massive volume of documents that were belatedly disclosed by Defendants." *Id.* at pp. 4-5. Finally, Plaintiff asserts that his fee award should not be adjusted downward, or, if it is, should only be adjusted downward moderately, because Plaintiff's result vindicated a private citizen's right. *Id.* at p. 5

The law on the issue of a party prevailing on only some of their claims is as follows. In certain cases, a plaintiff's

> claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

*Hensley*, 461 U.S. at 435. *Hensley* dealt with a prevailing plaintiff, and therefore provides guidance in this case where Plaintiff is entitled to attorney's fees on only certain counts. *See also Beekman v. eXL Legal, PLLC*, No. 16-CV-80506, 2017 WL 3614386, at *4 (S.D. Fla. Aug. 11, 2017), *report and recommendation adopted,* 2017 WL 6947445 (S. D. Fla. Oct. 18, 2017) (finding

that, while the time included in the redacted billing entries was for certain legal work that was not specific to one claim or the other, since the time did go to the common core of facts and to related legal theories, the prevailing party was entitled to fees on such time entries).

"Where...'a party is entitled to an award of fees for only some of the claims involved in the litigation, i.e., because a statute or contract authorizes fees for a particular claim but not others, the trial court must evaluate the relationship between the claims' to determine the scope of the fee award." *Durden v. Citicorp Tr. Bank, FSB*, 763 F. Supp. 2d 1299, 1306–07 (M.D. Fla. 2011) (quoting *Chodorow v. Moore,* 947 So.2d 577, 579 (Fla. 4th DCA 2007)). If "the claims involve a 'common core' of facts and are based on 'related legal theories,' a full fee may be awarded *unless it can be shown that the attorneys spent a separate and distinct amount of time on* counts *as to which no attorney's fees were sought* [*or were authorized* ]." *Id.* (quotation and internal quotation marks omitted) (alteration in *Chodorow* ). "[W]here a particular claim is subject to a fee entitlement but one or more related claims are not, 'time spent marshaling the facts' of the related claims is compensable because it 'likely would have been spent defending any one or all of the counts.'" *Durden*, 763 F.Supp. 3d 1306 (citing *Caplan v. 1616 E. Sunrise Motors, Inc.,* 522 So.2d 920, 922 (Fla. 3d DCA 1988)). "In contrast, time spent researching a 'discrete issue' as to a claim without a fee entitlement should not be included in a fee award." *Id.* at 1306-1307.

"The fee applicant (whether a plaintiff or a defendant) must, of course, submit appropriate documentation to meet 'the burden of establishing entitlement to an award.'" *Fox v. Vice*, 563 U.S. 826, 838 (2011) (citing *Hensley*, 461 U.S. at 437). "But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

The undersigned has carefully reviewed Plaintiff's counsel's billing entries, Defendants' notations to the billing entries, and the parties' arguments in their supplemental briefing. The Court first finds that the billing entries contain a multitude of deficiencies such as vague billing entries[1], billing entries that evidence duplicative or excessive work[2], and billing entries for administrative tasks[3]. These billing entries are improper. The Court notes that vague entries make it "difficult to evaluate whether the time devoted to tasks was reasonable, or perhaps excessive or redundant." *Estrada v. FTS USA, LLC*, No. 14-23388-CIV, 2018 WL 3697491, at *10 (S.D. Fla. July 20, 2018). The Court will not reduce the hours billed solely on the basis that multiple timekeepers were involved. However, the multiple timekeepers are problematic to the extent they appeared to have performed duplicative or excessive work.

With regard to the Electronic Discovery Project Manager, Mr. Owen's hours, the Court cannot make a blanket determination that all of those hours should be omitted from the fee award. *See Brown Jordan Int'l, Inc. v. Carmicle*, No. 14-60629-CV, 2017 WL 5633312, at *6 (S.D. Fla. Aug. 7, 2017), *report and recommendation adopted*, No. 0:14-CV-60629, 2017 WL 5632811 (S.D. Fla. Aug. 22, 2017) ("where the specialist's contribution involves a high level of technical knowledge or sophisticated analysis in the context of electronic discovery, this Court would likely include a specialist's fees in the prevailing party's recovery."). This Court is very much aware of the e-discovery issues which arise in civil litigation and believes that e-discovery experts can make

---

[1] *See, e.g.*, time entry from January 20, 2016, which states "[w]ork on discovery issues." [DE 300-1] *See also*, time entry from February 2, 2016, which states "[r]eview filings and documents and to do's." *Id.*

[2] *See, e.g.*, time entry from February 3, 2016, which states "[w]ork with Attorney J. Curley re potential EEOC claim" and time entry from February 5, 2016, which states "[r]eview correspondence from co-counsel re EEOC." [DE 300-1]. *See also*, time entry from March 20, 2016, which states "[r]eview Attorney R. Feicht memo and respond." *Id.*

[3] *See, e.g.*, time entry from March 3, 2016, written by a paralegal, which states "[w]ork on the access, download and compilation of 110+ PDFs received from client via dropbox file transfer." [DE 300-1]. *See also*, time entry from March 23, 2016, written by a paralegal, which states, "[d]etailed review of Court's order re trial dates, pretrial dates and mediation deadlines; work on memorandum detailing pretrial deadlines and items to accomplish leading up to trial. *Id.*

the e-discovery process more efficient and cost-effective. However, time claimed by an e-discovery expert should relate to appropriate legal work and not merely administrative tasks. In this case, some of Mr. Owen's billing entries are vague, or contain a mix of legal and administrative work[4], which is improper.

Next, the Court notes that Plaintiff's Motion is particularly difficult to rule upon because Plaintiff has not done a sufficient job of sifting through the billing entries of his counsel to determine which ones fall within the ambit of Judge Marra's ruling on entitlement and which do not. This issue applies to both the Iowa and Florida counsel. In this regard, Plaintiff has also failed to meet his burden. While the Court agrees with Plaintiff's argument that certain legal work completed by his counsel cannot be split by claim, the Court also finds that not all of the counts in this case involve a common core of facts and legal theories. This was a complex case that involved five different agreements, as well as other unrelated retaliation causes of action. Plaintiff is only entitled to recover attorney's fees as to his Florida Whistleblower Act claim and that part of his breach of contract claim upon which he prevailed, relating to the DuPage County 2013 project. The time incurred by Plaintiff on discrete issues related to claims to which no fee entitlement applies cannot be included in any fee award.

The Court notes that *Pronman v. Styles*, No. 12-80674-CIV, 2016 WL 3661940, at *6 (S.D. Fla. Mar. 15, 2016), *report and recommendation adopted,* No. 12-80674-CIV, 2016 WL 3636867 (S.D. Fla. Apr. 6, 2016), *aff'd,* 676 F. App'x 846 (11th Cir. 2017), in which the Court cut the attorney's fees requested by 80%, provides some guidance for the case at hand. The court pointed out in that case that the defendant had not met its burden of establishing entitlement to and

---

[4] *See, e.g.,* time entry from January 21, 2016, which states "[c]all with attorney R. Feict [sic] and client to discuss discovery matters; discussed ensuring [sic] that all relevant materials are maintains and preserved and discuss [sic] how to organize materails [sic] and where materials are maintained; set-up [sic] dropbox account for delivery of materials." [DE 300-1, p. 5].

documentation of all of the hours billed, as required, because the defendant could not show how much of its legal billing pertained solely to the copyright claim. *Id.* The Court is contending with the same issue in this case.

Plaintiff requests attorney's fees in the amount of $866,307.50. On the other hand, Defendants argue that the attorney's fees award should be $346,523.00. The Court has considered the significance of the overall relief obtained by Plaintiff and the fact that Plaintiff's success was limited. The Court has also considered Plaintiff's argument that a large downward departure is improper as Plaintiff's lawsuit was an attempt to vindicate his private rights.[5]

Based upon all of the factors and competing interests and legal principles, the Court has considered a range of permissible options. After carefully considering these permissible options, the Court finds that neither of the parties' positions is fully supportable. The Court finds that a 30% reduction from the $866,307.50 amount claimed by Plaintiff is appropriate to account for the fact that Plaintiff has failed to meet his burden in certain respects as discussed above, the billing deficiencies, Plaintiff's limited success, the other factors discussed above, and the fact that Plaintiff is only entitled to attorney's fees on two of the many claims asserted against Defendants.

### C. Calculation of Lodestar Amount

After carefully considering all relevant factors and applicable law, the undersigned will reduce the total fee awarded to Plaintiff by 30%. This reduction is applied to each timekeeper as shown below.

---

[5] *See Booth v. Pasco Cty., Fla.*, No. 8:09-CV-2621-T-30TBM, 2015 WL 728178, at *6 (M.D. Fla. Feb. 19, 2015) (citing *City of Riverside v. Rivera,* 477 U.S. 561, 585, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986) ( "Where recovery of private damages is the purpose of a civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought. In some civil rights cases, however, the court may consider the vindication of constitutional rights in addition to the amount of damages recovered .")

1. Here, the Court has found Ms. Kamienski's, Mr. Thorson's, and Mr. Wassmer's rates to be reasonable. The 0.3 hours billed by Ms. Kamienski will be reduced to 0.2 hours, and, therefore, the undersigned recommends an award of attorney's fees for Ms. Kamienski in the amount of $40.00 to Plaintiff. The 155.4 hours billed by Mr. Thorson will be reduced to 108.8 hours, and, therefore, the undersigned recommends an award of attorney's fees for Mr. Thorson in the amount of $21,760.00 to Plaintiff. Finally, the 8.5 hours billed by Mr. Wassmer will be reduced to 5.9 hours, and, therefore, the undersigned recommends an award of attorney's fees for Mr. Wassmer in the amount of $783.00 to Plaintiff. The total amount of the attorney's fees award for the Ackley attorneys is therefore $22,583.00.

2. The Court adjusted Mr. Aiello's hourly rate to $500.00. The 1.4 hours billed by Mr. Aiello will be reduced to 1.0 hours, and therefore, the undersigned recommends an award of attorney's fees for Mr. Aiello in the amount of $500.00 to Plaintiff.

3. The Court adjusted Mr. Bates' hourly rate to $400.00. The 0.9 hours billed by Mr. Bates will be reduced to 0.6 hours, and therefore, the undersigned recommends an award of attorney's fees for Mr. Bates in the amount of $240.00 to Plaintiff.

4. The Court adjusted Ms. Biggs' hourly rate to $225.00. The 6.7 hours billed by Ms. Biggs will be reduced to 4.7 hours, and therefore, the undersigned recommends an award of attorney's fees for Ms. Biggs in the amount of $1,057.50 to Plaintiff.

5. The Court adjusted Mr. Curley's hourly rate to $500.00. The 248 hours billed by Mr. Curley will be reduced to 173.6 hours, and therefore, the undersigned recommends an award of attorney's fees for Mr. Curley in the amount of $86,800.00 to Plaintiff.

6. The Court adjusted Mr. Feicht's hourly rate to $375.00. The 1,116.9 hours billed by

Mr. Feicht will be reduced to 781.8 hours, and therefore, the undersigned recommends an award of attorney's fees for Mr. Feicht in the amount of $293,175.00 to Plaintiff.

7. The Court adjusted Mr. LeMieux's hourly rate to $500.00. The 1.0 hours billed by Mr. LeMieux will be reduced to 0.7 hours, and therefore, the undersigned recommends an award of attorney's fees for Mr. LeMieux in the amount of $350.00 to Plaintiff.

8. The Court adjusted Mr. Naydenov's hourly rate to $175.00. The 4.3 hours billed by Mr. Naydenov will be reduced to 3 hours, and therefore, the undersigned recommends an award of attorney's fees for Mr. Naydenov in the amount of $525.00 to Plaintiff.

9. The Court adjusted Mr. Nelson's hourly rate to $200.00. The 223.2 hours billed by Mr. Nelson will be reduced to 156.2 hours, and therefore, the undersigned recommends an award of attorney's fees for Mr. Nelson in the amount of $31,240.00 to Plaintiff.

10. The Court adjusted Ms. Purdy's hourly rate to $350.00. The 2.4 hours billed by Ms. Purdy will be reduced to 1.7 hours, and therefore, the undersigned recommends an award of attorney's fees for Ms. Purdy in the amount of $595.00 to Plaintiff.

11. The Court adjusted Mr. Santoro's hourly rate to $400.00. The 1.7 hours billed by Mr. Santoro will be reduced to 1.2 hours, and therefore, the undersigned recommends an award of attorney's fees for Mr. Santoro in the amount of $480.00 to Plaintiff.

12. The Court adjusted Ms. Boske's hourly rate to $175.00. The 529.4 hours billed by Ms. Boske will be reduced to 370.6 hours, and therefore, the undersigned recommends an award of attorney's fees for Ms. Boske in the amount of $64,855.00 to Plaintiff.

13. The Court adjusted Ms. Stocks' hourly rate to $125.00. The 1.5 hours billed by Ms. Stocks will be reduced to 1.0 hours, and therefore, the undersigned recommends an award of attorney's fees for Ms. Stocks in the amount of $125.00 to Plaintiff.

14. The Court adjusted Mr. Owens' hourly rate to $175.00. The 27.9 hours billed by Mr. Owens will be reduced to 19.5 hours, and therefore, the undersigned recommends an award of attorney's fees for Mr. Owens in the amount of $3,412.50 to Plaintiff.

15. The Court adjusted Ms. Davis' hourly rate to $75.00. The 86.6 hours billed by Ms. Davis will be reduced to 60.6 hours, and therefore, the undersigned recommends an award of attorney's fees for Ms. Davis in the amount of $4,545.00 to Plaintiff.

The total amount of the attorney's fees award for the Gunster attorneys is therefore $487.900.00. Based upon the foregoing, Plaintiff is entitled to $510,483.00 as a total attorney's fees award for both law firms' legal work.

## III.   COSTS

Plaintiff is seeking $79,112.01 in costs. [DE 295, p. 10]. Plaintiff acknowledges that costs for word processing, legal research expenses, conference call charges, couriers, meals during trial, and parking are "not traditionally identified as taxable costs", but he asks that the Court "exercise its discretion (given the vigorous defense raised by Defendants at every turn and the disparity of wealth between the parties) to award Mr. Tillman these costs." *Id.* at p. 10. Defendants argue that $61,285.89 of the costs claimed are non-taxable costs as they are costs for word processing, legal research, conference call charges, couriers, meals during trial, parking, mediator fees, and expert witness fees. [DE 300, p. 8]. Defendants request that Plaintiff only be awarded $17,826.12 in costs. *Id.* at p. 9. In reply, Plaintiff asserts that he is entitled to nontaxable costs pursuant to the cost-shifting authorized under section 448.104, Florida Statutes. [DE 301, p. 1].

### A.  Entitlement to Costs

Plaintiff is entitled to costs as a prevailing party under Rule 54(d) and 28 U.S.C. § 1920.

Federal Rule of Civil Procedure 54(d)(1) states in part, "[u]nless a federal statute, these rules, or a court provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A "prevailing party" is the party in whose favor judgment is rendered by the Court. *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F. 3d 1238, 1248(11th Cir. 2002). "Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987).

> To be a prevailing party
>
> [a] party need not prevail on all issues to justify a full award of costs, however. Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d).... A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims.... 10 Wright & Miller, *supra*, § 2667, p. 129–130. Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced.

*Head v. Medford*, 62 F.3d 351, 354–55 (11th Cir. 1995) (quoting *United States v. Mitchell*, 580 F.2d 789, 793–94 (5th Cir.1978) (citations omitted)). Defendants do not dispute that Plaintiff has prevailed on some of his claims in this case and does not dispute that Plaintiff is entitled to some of the costs claimed.

Plaintiff, however, is also claiming costs under the Florida Whistleblower Act ("FWA"). The FWA provides that "[a] court may award reasonable attorney's fees, court costs, and expenses to the prevailing party." Fla. Stat. § 448.104. Awarding costs under section 448.104 "is not mandatory", but rather is within the court' s discretion. *New World Commc'ns of Tampa, Inc. v. Akre,* 866 So.2d 1231, 1235 (Fla. 2d DCA 2004) (order granting rehearing and clarification). A court's exercise of this discretion is guided by several factors:

(1) the scope and history of the litigation, including whether the Plaintiff continued

to prosecute the action despite the presence of an efficient resolution to the case;
(2) the parties' wealth disparity;
(3) whether an award of fees would frustrate the FWA's remedial purpose by deterring worthy claimants;
(4) whether the opposing party's case was meritorious or frivolous; and
(5) whether the opposing party acted in good or bad faith.

*Blanco v. TransAtlantic Bank,* No. 07–20303–CIV, 2009 WL 2762361, at *2 (S.D. Fla. Aug.31, 2009) (footnotes omitted).

There is no question that Plaintiff is the prevailing party as to his whistleblower claim. However, the Court declines to award costs under the FWA. The Court finds that the above factors weigh against awarding costs under the FWA. This litigation was fairly extensive and involved several different claims, only some of which were related to the whistleblower claim and only some upon which Plaintiff prevailed. Next, there is no wealth disparity issue in this case as Plaintiff is the party seeking costs, and therefore this is not a situation in which an individual has to pay costs to a wealthier corporation, as clearly anticipated by the statute. Moreover, Defendants did not act in bad faith in this case or put forward a frivolous defense. Furthermore, denying costs under the statute would not frustrate the purpose of the FWA as it is Plaintiff, and not Defendants, who is seeking costs. For these reasons, the Court finds that awarding costs under the FWA is not appropriate in this case. *See Hernandez v. Motorola Mobility, Inc.,* No. 12-60930-CIV, 2013 WL 4773263, at *3 (S.D. Fla. Sept. 4, 2013) (declining to award costs under the FWA given the specific facts of the case and application of the relevant factors).

Based on the above analysis, Plaintiff is only entitled to costs that fall within the ambit of 28 U.S.C. § 1920. This statute provides in part,

A judge or clerk of any court of the United States may tax as costs the following:
(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for

22

use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Plaintiff is, therefore, clearly not entitled to the non-taxable costs sought, including costs for word processing, legal research expenses, conference call charges, couriers, meals during trial, or parking. Plaintiff is, however, entitled to several other categories of costs.

## B. Expert Witness Fees

"Expert witness fees are not recoverable as costs under Section 1920 in excess of the statutory allowable witness fee of $40 per day." *Dixon v. United States*, No. 15-23502-CIV, 2017 WL 5644604, at *4 (S.D. Fla. Oct. 13, 2017), *report and recommendation adopted*, No. 15-23502-CIV, 2017 WL 5643321 (S.D. Fla. Nov. 3, 2017) (citing 28 U.S.C. § 1821; *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 463 (11th Cir. 1996) ("[A] federal court may tax expert witness fees in excess of the $[40]-per-day limit set out in § 1821(b) only when the witness is court-appointed.")). Therefore, Plaintiff is entitled to recover a total of $80.00 for the appearance of Ron Schnell at deposition and trial and another $40.00 for the appearance of Roderick C. Moe CPA, PA, at trial. A total of $120.00 in expert witness fees is therefore recoverable, and the remainder of expert witness fees submitted by Plaintiff are not. *See* DE 295-3.

A witness is also entitled to the actual expenses of travel by common carrier at the most economical rate reasonably available. *Thompson v. North Broward Neurology P.A., et al.*, No.

23

16-CV-60240, 2017 WL 7792715, at *3 (S.D. Fla. July 20, 2017) (42 U.S.C. § 1821(c)(1)). Moreover, the witness is entitled to lodging expenses and "all normal travel expenses." *See* 42 U.S.C. § 1821(c)(3-4). Thus, Plaintiff is entitled to recover $1,051.62 ($74.94 + $450.87 + $525.81) from Defendants for Mr. Schnell's travel expenses. *See* DE 295-3.

### C.  Witness Fees

"Taxation of witness fees is limited by 28 U.S.C. § 1821(b), which provides that a witness shall be paid an attendance fee of $40.00 per day for each day's attendance. Nothing in § 1920 permits taxing witness fees greater than that amount. *Higgs v. Costa Crociere S.P.A. Co.*, No. 15-60280-CIV, 2016 WL 4370020, at *3 (S.D. Fla. Apr. 28, 2016), *report and recommendation adopted,* No. 15-60280-CIV, 2016 WL 4370037 (S.D. Fla. May 16, 2016) (citing *Spatz v. Microtel Inns and Suites Franchising Inc.*, No. 11-60509, 2012 WL 1587663 (S.D. Fla. May 4, 2012)). Therefore, Plaintiff is only entitled to $40 each for Michael Sparks, Scott Klein, Amy Oakley, Lisa Swanson, C. Bilawsky, Barbara Hunt, Sean Garrison, and Michael Oberholzer. The $40 for eight witnesses totals $320. *See* DE 295-6.

### D.  Service of Process of Subpoenas

28 U.S.C. § 1920(1) permits a prevailing party to collect fees "of the marshal," which includes fees for service of subpoenas. *See* 28 U.S.C. § 1921(a)(1)(B). "This includes trial subpoenas." *Bumpers v. Austal U.S.A., L.L.C*, No. CA 08-00155-KD-N, 2015 WL 6870122, at *9 (S.D. Ala. Nov. 6, 2015). Although § 1920(1) only refers to the "marshal," the Eleventh Circuit has held that "private process server fees may be taxed pursuant to §§ 1920(1) and 1921" as long as such fees do not exceed the rate charged by the U.S. Marshal. 28 U.S.C. § 1920(1); *E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 623–24 (11th Cir. 2000). The rate charged by the U.S. Marshal is $65.00 per hour for each item served. *See* 28 C.F.R. § 0.114(a)(3).

Plaintiff is therefore able to recover the following trial subpoena fees[6]: $60 for service on Michael Sparks, $35 for service on Scott Klein, $35 for service on Lisa Swanson, $35 for service on Barbara Hunt, $35 for service on Amy Oakley, $50 for service on Michael Sparks (for a different date than the first subpoena served upon Michael Sparks), $50 for service on Sean Garrison, $65 for service on William Martin, $35 for service on Craig Bilawsky, and $45 for service on Michael Oberholzer. *See* DE 295-6. The total recoverable amount of service of subpoenas is $445.

### E.  Mediation Costs

Plaintiff is seeking $1,575.00 in mediation fees. *See* DE 295-6. Mediation costs are not recoverable under section 1920. *See Abrams-Jackson v. McKeever*, No. 16-CV-81624, 2017 WL 8948962, at *3 (S.D. Fla. Dec. 18, 2017), *aff'd sub nom. Abrams-Jackson v. McKeever* (S.D. Fla. Jan. 11, 2018); *Barraza v. Pardo*, No. 12-23868-CIV, 2015 WL 11199845, at *2 (S.D. Fla. Sept. 28, 2015); *Rodriguez v. Demolition King, Inc.*, No. 14-20991-CIV, 2015 WL 3970570, at *3 (S.D. Fla. June 30, 2015); *Corwin v. Walt Disney Co.*, 468 F.3d 1329, 1346 (11th Cir. 2006), *opinion vacated and superseded on reconsideration on other grounds*, 475 F.3d 1239 (11th Cir. 2007); *GEICO Gen. Ins. Co. v. Berguiristain*, No. 5:15-CV-45-OC-30PRL, 2017 WL 444695, at *3 (M.D. Fla. Feb. 2, 2017). Therefore, mediation costs shall not be awarded.

### F.  Deposition and Transcript Costs

Plaintiff has provided invoices for court reporter attendance at depositions and for transcripts from depositions. *See* DE 295-6. The Eleventh Circuit has held that costs for deposition transcripts are generally taxable as long as the transcripts were "necessarily obtained

---

[6] Plaintiff provided no basis for any priority or expedited fees and has not shown that such fees were reasonable or necessary. Therefore, the Court finds that they are not recoverable.

for use in the case." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000). In determining the necessity of a deposition, it must only appear to have been reasonably necessary at the time it was taken. *Id.* Additionally, "[b]ecause the parties presumably have equal knowledge of the basis for each deposition," the party who challenges the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008). "In addition, many courts in this district have held that court reporter attendance fees are taxable as costs." *Sutton v. Royal Caribbean Cruise Line*, No. 16-24707-CIV, 2018 WL 4282843, at *3 (S.D. Fla. Sept. 7, 2018) (citing *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258-59 (S.D. Fla. 2013)).

The Court finds that the depositions of Michael Sparks, Larry Thompson, Jackie Bartlett, William Martin, Scott Mellett, Kim Tillman, Amy Oakley, Scott Klein, Jeffrey Rubenstein, Ron Schnell, Lori Ciccone, Craig Bilawsky, Rick Sudassassi, Mark Garrison, and Lisa Swanson would have been necessary at the time they were taken, especially in light of the fact that Defendants have not specifically objected to the costs associated with these depositions. While the Court does generally find that Plaintiff is entitled to recover the court reporter attendance fees and transcript costs, the Court finds that the invoices from the court reports contain several fees that are not recoverable.

First, courts have determined that "...fees for expedited or condensed transcripts, compressed and miniscript versions, and CD ROMs with ASCII are not reimbursable under § 1920." *Muldowney v. MAC Acquisition, LLC*, No. 09-22489-CIV-HUCK, 2010 WL 3385388, at *4 (S.D. Fla. July 30, 2010) (quoting *Licausi v. Symantec Corp.*, No. 08-60544-CIV, 2009 WL

3177566, at *3 (S.D. Fla. Sept. 29, 2009)). Next, "[s]hipping and handling costs derived from the stenographer are not taxable." *Krug v. Celebrity Cruises, Inc.*, No. 16-22810-CIV, 2018 WL 3697495, at *3 (S.D. Fla. Apr. 26, 2018) (quoting *Castillo v. Teledyne Cont'l Motors. Inc.*, No. 08-21850-CV, 2011 WL 1343051, at *2 (S.D. Fla. Mar. 16, 2011), *report and recommendation adopted*, 2011 WL 1337232 (S.D. Fla. Apr. 7, 2011)). Finally, "costs incurred as a result of digital or condensed copies of transcripts, word indexes, or copies of exhibits are generally not recoverable unless the moving party demonstrates that these items were necessary and not merely ordered for the convenience of counsel." *Nelson v. N. Broward Med. Ctr.*, No. 12-61867-CIV, 2014 WL 2195157, at *3 (S.D. Fla. May 27, 2014).

Plaintiff has not shown that copies of exhibits or word indices were necessary here. Therefore, after subtracting the fees that Plaintiff is not entitled to recover, the Court has calculated that Plaintiff is entitled to the following court reporter attendance and deposition transcript costs associated with each deposition: (1) $510.45 for Michael Sparks' deposition, (2) $654.55 for Larry Thompson's deposition, (3) $1,384.60 for Jackie Bartlett's deposition, (4) $1,788.15 for William Martin's deposition, (5) $1,300.70 for Scott Mellett's deposition, (6) $1,181.25 for Kim Tillman's deposition, (7) $595.35 for Amy Oakley's deposition, (8) $166.05 for Scott Klein's deposition, (9) $2,785.45 for Jeffrey Rubenstein's deposition, (10) $954.45 for Ron Schnell's deposition, (11) $866.00 for Lori Ciccone's deposition, (12) $388.80 for Craig Bilawsky's deposition, (13) $261.30 for Rick Sudassassi's deposition, (14) $529.30 for Mark Garrison's deposition, and (14) $668.25 for Lisa Swanson's deposition. In sum, the total amount of costs recoverable for the court reporter attendance and transcript fees is $14,034.65.

### G. Copying Costs

Plaintiff is seeking $73.71 in copying costs for copying exhibits that were used at trial.

[DE 295-6]. Pursuant to 28 U.S.C. § 1920(4), a prevailing party may recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." The Eleventh Circuit Court of Appeals has further explained that "in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W&O, Inc.*, 213 F.3d 623. If copies were necessarily obtained by the prevailing party, the costs are recoverable; if they were obtained merely for the prevailing party's convenience, however, they are not recoverable. *Rodriguez v. M.I. Quality Lawn Maint., Inc.*, No. 10-21031-CIV, 2012 WL 664275, at *6 (S.D. Fla. Feb. 9, 2012).

Noting no objection to the copying costs by Defendants and finding that the copies were clearly used at trial, the Court recommends that the Court award the $73.71 in copying costs requested by Plaintiff.

## H.  Scanning Costs

Plaintiff appears to be claiming $625.25 for "OCR processing per image (Conversion to searchable text", "EDD processing to PDF (per page)", and "FTP Upload Charge." *See* Invoice from Pictera Solutions dated July 28, 2016 [DE 295-6]. However, scanning and other electronic conversion charges are not taxable. *See State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr., Inc.*, No. 6:06-CV-1757-ORL-GJK, 2010 WL 11475708, at *8 (M.D. Fla. Aug. 25, 2010). Therefore, no scanning costs will be awarded.

## I.  Court Reporter Costs

Plaintiff is seeking $1,619.56 in court reporter costs for portions of the trial transcript and $329.80 in court reporter costs for the transcript of a discovery hearing. *See* DE 295-6. Transcript fees are enumerated as a cost under Section 1920(2), so long as they are "necessarily

obtained for use in the case." 28 U.S.C. § 1920(2). "[W]hile the cost of daily trial transcripts should not be allowed as a matter of course, a district court may award the cost of daily trial transcript where the length and complexity of a trial make the daily transcripts necessary." *Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 865 F. Supp. 2d 1159, 1164 (S.D. Fla. 2011) (quoting *Kearney v. Auto–Owners Ins. Co.*, No. 8:06–cv–00595, 2010 WL 1856060, at *4 (M.D. Fla. May 10, 2010)). The Court recommends that Plaintiff be awarded the $1,619.56 in court reporter costs for portions of the trial transcript given the length and complexity of the trial.

However, Plaintiff has provided no legitimate reason that he should be entitled to recover the $329.80 in costs for transcription of a February 24, 2017 discovery hearing, which transcription Plaintiff ordered on May 2, 2018, on an expedited basis. Therefore, the Court recommends that Plaintiff only recover $1,619.56 of the court reporter/transcription costs that he seeks.

### J. **Total Costs**

Based on the foregoing, the undersigned **RECOMMENDS** that total costs in the amount of **$17,664.54** be awarded to Plaintiff.

### IV.   **CONCLUSION**

In light of the foregoing, the undersigned **RECOMMENDS** that the District Judge award Plaintiff his attorney's fees in the amount of $510,483.00 and costs in the amount of $17,664.54. The undersigned also recommends that the appropriate statutory interest be applied and that a judgment be entered accordingly.

## NOTICE OF RIGHT TO OBJECT

A party shall file written objections, if any, to this Report and Recommendation with United States District Judge Kenneth A. Marra within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Failure to object to this Report and Recommendation within that time period waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. 11th Cir.R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 2nd day of November, 2018.

WILLIAM MATTHEWMAN
United States Magistrate Judge